Battle J.
 

 As this case has not been argued before us on the part of the defendant, we are not certainly informed upon what ground a judgment upon the special verdict was rendered for him in the court below. We suppose it was because his Honor thought the stolen article was not sufficiently described in the bill of indictment. If our supposition be correct, we think that he was mistaken. In stealing bank notes or other promissory notes of the like kind, it is not necessary to set out an exact copy of the instrument as it is in an indictment for counterfeiting such securities for money.
 
 State
 
 v. Dourden, 1 Dev. 445. It is sufficient to describe it as a bank note for so many dollars on a certain bank, of the value of so many dollars. See
 
 State
 
 v.
 
 Rout,
 
 3 Hawks 618 and the cases therein cited. In the present case the article alleged to have been stolen is described as one promissory
 
 *564
 
 note, issued by the Treasury Department of the government of the United States, for the payment of one dollar, of the value of one dollar” &c. It would undoubtedly have been sufficient, on the authority of the
 
 State
 
 v.
 
 Rout, supra,
 
 to have called the note “a treasury note issued,” &c., and it seems to us that the description of it as a “promissory note issued” &c., is quite as certain, and as little likely to mislead the court or the jury as to the identity of the thing. Some degree of laxity in the description of bank notes has been allowed, because generally a person from whom a note has been stolen is incapable of giving a very particular description of it.
 
 Commonwealth
 
 v.
 
 Richards,
 
 1 Mass. Rep., 336.
 

 In our opinion the judgment given in the court below is erroneous, and ought to be reversed, and a judgment rendered on the special verdict for the State.
 

 Per Curiam. There is error.