STATE v. ALBERT THOMASON.

An indictment charging the defendant with stealing "two five dollar United States Treasury notes, issued by the Treasury Department of the United States Government, for the payment of five dollars each, and the value of five dollars:" *Held* to be good.

(*State* v. *Fulford*, Phil. 563, cited and approved.)

INDICTMENT FOR LARCENY, tried at the Spring Term, 1874, of ROWAN Superior Court, before *Cloud, J.*

The defendant was charged with stealing certain bills of our national currency, United States Treasury notes and fractional currency notes.

Upon the trial the Court charged the jury that the national currency, bank notes, were not sufficiently described in the indictment, and that the jury was not to consider them in rendering their verdict; that there was no evidence that defendant had stolen any such fractional currency as described in the indictment, and left it to the jury to say, from the evidence, whether the defendant had stolen the United States Treasury notes as charged therein.

There was a verdict of guilty. Motion in arrest of judgment; motion disallowed. Judgment and appeal by defendant.

*McCorkle & Bailey*, for defendant.
*Attorney General Hargrove*, for the State.

BYNUM, J. The defendant is charged in the bill of indictment with stealing " two five dollar United States Treasury notes, issued by the Treasury Department of the United States Government, for the payment of five dollars each, and of the value of five dollars each," &c.

The motion in arrest of judgment is not because the description of the notes is insufficient, but that it is no offence at all, because it is not made such by our statute. Bat. Rev., chap.

32., sec. 19. The language of this section is : " Treasury warrant, debenture, certificate of stock, or other public security, or certificate of stock in any corporation, or any order, bill of exchange, promissory note, bond, or other obligation, either for the payment of money, or," &c.

The words of this statute are sufficiently comprehensive to embrace this case, and as this class of " public securities " is in universal use, and the principal medium of commerce and measure of values, the Court would be slow to restrict the meaning of the statute, so as to leave unprotected that which is practically the chief wealth of the country. But in the case of the *State* v. *Fulford*, Phil. 563, we have a construction of this statute which is decisive of the case. It was there held to be larceny to steal " one prommissory note issued by the Treasury Department of the Government of the United States, for the payment of one dollar," and that the offence set forth in that language was sufficiently certain as to description.

The objection, that these " treasury notes " are a class of securities created since the enactment of the statute, and are not embraced in it, has no force, since the objection would equally applied to *all* bonds, promissory notes or property, issued or acquired since the statute.

No error.

PER CURIAM.                         Judgment affirmed.