## STATE *v.* SAMUEL BURGESS.

Upon the trial of an indictment charging the defendant with the lar-
ceny of goods, the property of A, proof that the defendant was guilty
of the larceny of goods, the joint property of A and B, is a fatal va-
riance between the *allegata* and the *probata.*

It is not strictly regular to take the objection to such evidence, after
verdict, upon a motion in arrest of judgment; but where this court
can see from the record that there was a fatal variance between the
charge and the proof, a *venire de novo* will be awarded.

INDICTMENT for larceny, tried before his Honor Judge
*Cannon,* at Fall Term, 1875, of the Superior Court of CLAY
county.

The defendant was charged with the larceny of a pair of
shoes, the property of Joshua Brooks.

Henry Brooks, a witness for the State, testified that a pair
of ladies' shoes, the property in question, were taken from the
shop of William Brooks & Sons, by some person, to him un-
known ; that the firm of William Brooks & Sons was composed
of William Brooks, Joshua Brooks and himself. On cross-
examination, the witness stated that the shoes belonged to one
Hagler ; that Hagler had furnished the leather and William
Brooks & Son had made the shoes for him ; the firm
had no property or claim upon them except that they were in
the possession of the firm when taken, and a lien upon the
shoes for making them.

The counsel for the defendant requested the court to charge
the jury : That if they believed the testimony of Brooks, the
shoes were the property of Hagler and the defendant must be
acquitted.

The court declined to give the instruction, and charged the
jury : That if they believed Henry Brooks, the property was
properly laid in Joshua Brooks as a baileee.

To the refusal of his Honor to charge as requested, and to

the charge of his Honor as above set forth, the defendant excepted.

The jury returned a verdict of guilty, and the defendant moved for a new trial. The motion was overruled; the defendant then moved in arrest of judgment, alleging a varia.ice between the *allegat ι* and the *probata*. Motion overruled by the court, and defendant appealed.

No counsel in this court for the defendant.
*Attorney General Hargrove*, for the State.

READE, J. The *probata* does not correspond with the *allegat* , and that is always fatal. If one is charged with stealing the property of A, it will not do to prove that he stole the joint property of A and B.

It was not strictly regular to take the objection after verdict on a motion in arrest of judgment; it ought to have been taken on the trial; but still we see from the record that there was a fatal variance between the charge and the proof, and that the defendant ought not to have been convicted. And therefore there was error.

There is error.

PER CURIAM.                                    *Venire de novo.*