## STATE v. ROBERT HARDISON.

A and B agreed that A was to place in the possession of B a hog; that the hog was to be fattened by B, and the meat equally divided between them, when the hog was killed. Upon the trial of an indictment for the larceny of the hog: *It was held*, (1.) That the agreement constituted a bailment to B, the bailee, to have the exclusive possession until the hog was killed; and (2.) That the property was well charged in the bill of indictment, as the property of B.

INDICTMENT, for the *Larceny* of a hog, tried before MOORE, J., at Spring Term, 1876, of MARTIN Superior Court.

The jury returned the following

### SPECIAL VERDICT:

1. That one Alex. Wiggins, the owner, had put in the possession of George Bond, a hog, to be raised on shares.

2. That Wiggins was to give Bond one-half of the hog after the same was fattened and killed.

3. The hog was charged in the bill to be the property of George Bond alone.

Upon this verdict the Court held that the property was not well charged, and declared the defendant "not guilty." From this judgment the State appealed.

*Attorney General Hargrove*, for the State.
*Mullen & Moore* and *Walter Clark*, for the prisoner.

PEARSON, C. J. By their agreement Bond was to take the hog and raise it and fatten it and kill it after it was fit for pork, and then Wiggins was to give Bond one-half of the pork for his trouble and outlay. Under this agreement Bond was put into possession and held it at the time of the larceny.

His Honor was of opinion that these facts created the relation of tenants in common or of co-partners. We do not

concur, and have a very decided opinion that the relation was that of a bailment for him, the bailee, to have exclusive possession until the animal was fatted and killed. Up to that time Wiggins had no right to the possession, and would have been guilty of a trespass if he had taken the hog away. So there was not a "unity of possession," which is of the very essence of the relation of tenants in common and of co-partners.

That an indictment may charge the property to be in a bailee for him who is in possession at the time it is stolen, without joining the bailor, is well settled.

Indeed, it may be doubted whether in this case a joinder of Wiggins would not have made the indictment fatally defective. An indictment for stealing a hog is not supported by proof that the prisoner stole the carcass of the hog—that is the meat of the hog after it was killed. Wiggins had parted with his property in the hog, but was entitled to the carcass after it was fatted and killed. If the pork had been stolen, it would have been proper to charge it as the property of Wiggins, but as the live hog was the subject of the larceny, it was proper to charge it as the property of Bond.

There is error. Judgment below reversed. This will be certified, to the end that the Court below may proceed to sentence on the case agreed.

PER CURIAM.                    Judgment reversed.