STATE v. HIRAM JENKINS.

*Indictment—Larceny.*

In an indictment of the larceny of certain meat belonging to a rail-road company, the property was laid in a depot-agent of the company who had possession and control of it for the company for the use of its hands; *Held,* that the indictment is defective; the property should have been laid in the rail-road company, the agent in such case not being a bailee.

INDICTMENT for Larceny, tried at Fall Term, 1877, of BURKE Superior Court, before *Schenck, J.*
The defendant was charged with stealing meat, and the property was laid in W. B. McDowell, the depot-agent, at Morganton, of the W. N. C. R. R. Co.   After the testimony was closed, the defendant's counsel asked the Court to

charge the jury that the indictment could not be sustained, because the ownership of the property was in the Railroad, and not in the agent. This was declined, and the defendant excepted. Verdict of Guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.

*Messrs. A. C. Avery* and *G. N. Folk,* for the defendant: The goods of a corporation must be described as their goods by their corporate name; and this is so in every case, unless the corporation has parted with the possession, as distinguished from the custody and control of its servants. Roscoe, 586. The distinction is between a bailee having special property and possession, and a mere servant having a mere custody and control.

READE, J. The only question which it is necessary to consider is, whether the property in the goods stolen is properly laid in the indictment.

It is settled by all text writers, and it is familiar learning, that the property must be laid to be either in him who has the *general* property or in him who has a *special* property. It must at all events be laid to be in some one who has a *property* of some kind in the article stolen. It is not sufficient to charge it to be the property of one who is a mere servant, although he may have had the actual possession at the time of the larceny; because having no *property*, his possession is the possession of his master. These are the only general principles that can be laid down; and any given case must be governed by them.

In this case the meat stolen belonged to the Railroad, and was in its possession in its depot-house, for the purpose of feeding its hands. The property is not laid to be in the Railroad, but in its depot-agent, who had nothing to do

with it and did nothing with it except to give it out to the Railroad hands to eat. His testimony was that he was " the agent at the depot and had possession and control *for them*, as their bailee of the bacon alleged to have been stolen by defendant; that on Friday evening he issued rations of bacon to the Railroad hands and in the hogshead where the bacon was, he left one and a half sides of bacon loose; and that he locked the depot and took the key " &c.

It is true he says he was their bailee; but what is a bailment is a question of law; and the facts which he states do not make him a bailee. A bailee has a special property in the thing bailed. He does not pretend that he had any property in it, or that he held it for any use of his own. He states expressly that he was the Railroad's agent and had possession and control of the meat *"for them."* It was in their house, for their use, to feed hands, and was issued to their hands by their agent, or servant. The agent himself might have committed larceny of the bacon, which could not have been the case if he had been the bailee.

It has been decided in this Court that one who gets staves on my land on shares may steal them before they are divided. So an overseer who is to have a part of the crop for his wages. So with a cropper. So with a clerk in a store. So with a servant or agent of any kind, who has no *property* in the thing stolen, although he may have the possession. It is otherwise if he has a property, general or special. A is the general owner of a horse; B is the special owner, having hired or borrowed it, or taken it to keep for a time; C grooms it and keeps the stable and the key, but is a mere servant and has no property at all;—if the horse be stolen, the property may be laid to be either in A or B; but not in C although he had the actual possession and the key in his pocket.

Why was not the property laid in the Railroad? Then

there could have been no difficulty. Or there might have been two counts if there was any uncertainty.

There is error. This will be certified.

PER CURIAM.                                    *Venire de novo.*