STATE v. JAMES A. WILLARD.

*Jury—Talisman not Exempt from Service on.*

A statute exempting members of a fire company from jury duty in general, does not operate to discharge them from service as *talesmen.* The object of the law is to afford them leisure for the performance of their duty as firemen; and when their presence in Court demonstrates that their services are not required in the line of their employment, the reason of their exemption ceases.

(*State* v. *Hogg,* 2 Murp. 319; *Williams'* case, 1 Dev. & Bat. 372; *Whitford's,* 12 Ire. 99, cited and approved.)

APPEAL from an order made at January Special Term 1878, of NEW HANOVER Superior Court, by *Moore, J.*

In the second section of the act incorporating the Wilmington Steam Fire Engine Company (Private Acts 1869, '69, ch. 55) it is provided that the members of it "shall during membership be exempt from all jury and militia duty," and by a subsequent act (Private Acts 1869 '70) it is provided "that the members of all organized fire companies in the city of Wilmington be and they are hereby exempt from serving as jurors on any coroner's inquest, or in the Special or Superior Court."

The defendant was summoned as a talis juror in the Superior Court, and refusing to answer was fined by the Court, *nisi;* and in answer to a notice to show cause why the judgment should not be made absolute, he exhibited to the Court his certificate of membership in the Wilming-

ton Steam Fire Engine Company, and by virtue of it.
claimed exemption from jury duty under the acts which
have been recited.  It was conceded that he was admitted
as a member because of having subscribed to the organiza-
tion of the company, and that it was understood that he
and others so subscribing should not be called upon for ac-
tive duty, and that in fact he was not required to attend the
meetings of the company.  His Honor being of opinion that
defendant was not exempt from duty as a talis juror, ordered
that the judgment be made absolute, and the defendant ap-
pealed.

*Attorney General,* for the State.  ·
*Mr. C. M. Stedman,* for the defendant.

BYNUM, J.  (After stating the case as above.)  It is not
material to inquire whether the defendant was such a fire-
man as the acts contemplated to be excused ; for admitting
that he was a regular member in all respects, we are of
opinion that he was not exempt from service as a talis juror.

There have been three decisions bearing upon the case in
our State: The first was the *State* v. *Hogg*, 2 Murp. 319.
There, a commissioner of navigation was exempted from
serving on juries by an act of the legislature of 1807.  He
was summoned as a talis juror, and refusing to attend, was
fined.  Upon appeal to the Supreme Court the judgment
below was affirmed on the ground that the act did not ex-
tend to tales jurors.

The next was the *State* v. *Williams*, 1 Dev. & Bat. 372.
There, an act of congress of 1825, exempted post-masters
from serving on juries ; it was held upon appeal from a
judgment fining one for refusing to attend as a juror on the
regular panel, that he was excused by the act ; but it was
held also, *arguendo,* that such decision would not apply to
a post-master who should be called on as a by-stander to
make up a jury, because the fact of his being a by-stander

furnishes a presumption that the duties of his office leave him at leisure to perform those duties which he owes the State,—to aid her in the administration of justice.

The last case is the *State* v. *Whitford*, 12 Ire. 99. There, the defendant was summoned to serve as a juror on a special venire. He attempted to excuse himself by showing that he was a member of an incorporated fire company in the town of New Berne, and that the act of assembly provided that "the members of the aforesaid fire company while they continued to act as such shall be exempt from serving as jurors, either in the County. or Superior Courts;" it was held by the Court that the defendant was excused from serving on the special venire; but the decision was put upon the ground of the distinction between tales jurors whose duties only last for the day they are summoned, and a special venire which is bound like the regular panel, to attend from day to day until discharged by the Court.

The reason why these acts are held not to extend to tales jurors, is assigned to be, that these exemptions are not intended as privileges or compensations to the party, unless so expressed in the act. So far as serving on a jury does not interfere with their public avocations, they are still liable to be called on for that service. "And it is because a talisman must be taken from the by-standers at the Court, that he may be summoned, as his being a by-stander proves that he was not there on official or professional duties which required his attention." Relying upon these authorities and the reasonableness of the proposition they maintain, we think the defendant was not excused as a talis juror.

No error.　　　　　　　　　　Judgment affirmed.

SMITH, C. J. and RODMAN, J., dissented from the ruling of the Court in *State* v. *Jenkins*, 78 N. C. 478. This fact should have been noted in the report of that case.

SMITH, C. J., having been of counsel did not sit on the hearing of *Lewis* v. *Rountree, ante*, 122.