## STATE v. JORDAN LEMON.

*Larceny — Trial — Introduction of Evidence — Declaration of Agent.*

1. The regular mode of trial of indictments is for the State to introduce evidence to sustain the charge ; the accused then introduces evidence to make good his defence. Then the State has only the right to introduce rebutting evidence, and evidence strictly to strengthen and support that offered at first. After this, further introduction of evidence is matter of discretion with the Judge, and not reviewable, unless perhaps in case of a clear abuse of power.

2. When defendant swore that he sent his wife to a person to borrow money with which he paid for the property alleged to have been stolen, having thus made her his agent, it is competent for the State to prove what the wife said to this person when she got the money as to the purpose it was intended to serve.

INDICTMENT for larceny, tried at February Term, 1885, of the Criminal Court of NEW HANOVER county, before *Meares, Judge.*

The defendant was examined on the trial as a witness in his own behalf, and testified, among other things, that he had paid about $30 for the hogs alleged to have been stolen by him, to the party from whom he said he bought them, at different times, and that on one occasion he had sent his wife to James Macumber and had borrowed five dollars from him to pay in part for them.

After the defendant had closed his testimony, the State, for the purpose of contradicting him, recalled the witness, James Macumber, and asked him "if he had ever loaned the defendant any money to pay for hogs," and he answered " no." On cross-examination he was asked if he had let the defendant's wife have any money at all, and he answered " yes." On the redirect examination, he was asked to give the conversation and explain what occurred between him and defendant's wife at the time she procured the money from him.

The defendant objected to this question; the objection was overruled by the Court, and the defendant excepted.

The witness then stated that the wife of the defendant came to his store and represented to him that the defendant's father had just died in his house, and they did not have a dollar to. enable them to bury him, and that she wanted to borrow five dollars from the witness to enable them to bury him, and that he did lend her five dollars for that purpose, and that on a former occasion she had borrowed from him two dollars and fifty cents.

Thereupon the defendant offered to introduce his wife as a witness, for the purpose of contradicting the State's witness named above, in respect to the purpose for which he had loaned five dol-

lars to her, and as to other loans of money to her. The Solicitor for the State objected, the Court sustained the objection, and the defendant excepted.

Verdict guilty. Judgment. Appeal by defendant.

*Attorney-General,* for the State.
*Mr. J. D. Bellamy,* for the defendant.

MERRIMON, J. (after stating the facts). On the trial, after the State had closed its evidence in chief, it was the right of the defendant, and his duty to himself, to introduce such evidence as he could to make good and complete his defence. He ought to have introduced not simply a part of the evidence he could produce, but enough, if he could, to meet conclusively every material aspect of the prosecution. Then was his opportunity of right, in the orderly course of the trial, to make his defence secure.

When the defendant closed the introduction of evidence on his part, then the State had only the right to introduce rebutting evidence, and evidence strictly to strengthen and support that offered at first to prove the allegations in the indictment. The evidence offered to contradict the defendant as to what he swore in respect to getting money from the witness Macumber, was simply in reply.

After this, no further evidence could be introduced on either side of the action, except in the discretion of the Court. In case any injustice was likely to result from any inadvertence, mistake or misapprehension on either side, the Court might, in some cases ought, to allow further evidence to be introduced, being very careful to give neither side undue advantage over the other.

That indicated above is the orderly course of trial. Any other would protract it indefinitely and lead to interminable confusion. If, however, the Court should allow a material departure from the rule on either side, the opposing party would have the right to introduce further pertinent evidence in corresponding degree.

It may be that it was the misfortune of the defendant that he failed to introduce his wife as a witness at the stage of the trial in which he had a right to do so.   It was obvious then, that he needed to show that he came honestly by the hogs in question, and, under the circumstances, as tending to prove this, to show that he paid for them, and where he got the money with which to do so.

His wife was a competent witness for such purpose; he had the right to introduce her, (*The Code*, §1353,) and it is plain that he ought then to have done so, if she would prove where he got the money, and as he stated he did get it.   At the stage of the trial when he offered to introduce her, it was in the discretion of the presiding Judge to allow her to be examined—perhaps he ought to have done so, but he saw and understood the course and developments of the trial, and was the better judge of the propriety of doing so, and the discretion was his, not reviewable here, unless, perhaps, in case of a clear abuse of power.   1 *Whar. on Ev.*, 571.

It was competent for the State to prove by the witness Macumber that he did not let the defendant's wife have money to pay for the hogs.   The defendant himself said that he had sent his wife to the witness to get five dollars.   He thus made her his agent, and what she said when she got it from the witness, as to the purpose it was intended to serve, was competent though not conclusive.   1 *Gr. on Ev.*, §§113, 170, 233, 234; *United States v. Gooding*, 12 Wheat., 460.

There is no error.   Let this opinion be certified according to law.

No Error.                                    Affirmed.