## THE STATE v. W. H. BISHOP.

*Larceny— Ownership—Bailment—Indictment—Evidence— When State not Required to Elect.*

1. It is competent to show that the person charged with a criminal offence made false and contradictory statements in reference thereto; and for this purpose an affidavit made by him, in the cause previously, for a continuance may be used, and its contents shown to be untrue.

2. A check drawn by a United States Pension Agent on the Treasurer of the United States is an obligation for the payment of money within the meaning of *The Code*, §1064, and is the subject of larceny; and a description of it as " one United States Pension check on the Assistant Treasurer of the United States, for twenty dollars," is sufficient.

3. The ownership of such a check is properly laid in him who is proved to have had the possession at the time of the felonious taking, though it may not have been endorsed by the payee—the possession of a bailee being sufficient to support the bill.

4. The voluntary acts and declarations of a person charged with crime, though made while in custody and bound, are competent against him.

5. In an indictment for larceny, containing one count, but charging the stealing of several articles, and the proof shows but one transaction, the Solicitor will not be required to elect; and the jury may find the defendant guilty of taking one or all of the articles alleged to have been stolen.

(*Mason v. McCormick*, 85 N. C., 226; *State* v. *Lemon*, 92 N. C., 790; *State* v. *Rout*, 3 Hawks, 618; *State* v. *Fulford*, Phil., 563; *State* v. *Thomason*, 71 N. C., 146; *State* v. *Hardison*, 75 N. C., 203; *State* v. *McDonald*, 73 N. C., 346; *State* v. *Sanders*, 84 N. C., 728; *State* v. *Garrett*, 71 N. C., 85, and *State* v. *Locklear*, Busb., 205, cited).

INDICTMENT for larceny, tried before *Graves, Judge,* at Spring Term, 1887, of TRANSYLVANIA Superior Court.

There was a verdict of guilty; judgment; and the defendant appealed.

The facts are stated in the opinion.

*The Attorney General,* for the State.
No counsel for the defendant.

DAVIS, J. The indictment charged the stealing of "fifty-five dollars in money, of the value of fifty-five dollars, and one United States pension check, on the Assistant Treasurer of the United States, for twenty-four dollars in money, check and property of W. McGaha and W. P. McGaha, trading under the firm name of W. & W. P. McGaha."

When the case was called for trial at Spring Term, 1886, the defendant made an affidavit for a continuance, in which he sets forth that "he stands indicted in this Court for the larceny of fifty-five dollars in money and one pension check for twenty-four dollars, and that he cannot come safely to trial at this term of the Court, for the lack of the evidence of James Hunt, who, he is advised and believes, is a material witness for his defence; that affiant expects to prove by said witness that affiant won said pension check from the prosecutor, Percy McGaha, at a game of cards, on Sunday morning, the day before the alleged larceny; that said witness was present on said Saturday night and heard affiant and said McGaha make an agreement (setting it out), and that afterwards he heard McGaha say affiant had won the check." The affidavit states, as a further ground of continuance, the absence of Percy Robinson, a material witness, by whom he expects to prove "that a few days prior to the alleged offence he saw, in the possession of affiant, fifty-five dollars in paper money," &c.

On the trial the Solicitor offered to read this affidavit to

the jury as a statement made by the defendant, to which defendant objected.

The objection was overruled; the affidavit was read; defendant excepted.

The State then offered James Hunt, the witness named in the affidavit, to show that the statement contained therein, so far as it related to the game, was untrue. To this defendant objected, upon the ground that he had not been introduced as a witness, and the evidence tended to affect his character, and thereby put it in issue before the jury. The objection was overruled and the witness, Hunt, testified negativing the statements of the affidavit.

The affidavit was admissible, as a statement or declaration of the defendant, voluntarily made in regard to the crime with which he was charged, and the falsity of which it was competent for the State to show. Every act of the defendant in respect to the alleged crime, and every circumstance calculated to throw light upon it and aid the jury in coming to a correct conclusion, is competent. *State* v. *Case,* 93 N. C., 545, and cases cited; *Mason* v. *McCormick,* 85 N. C., 226; *State* v. *Lemon,* 92 N. C., 790. This disposes of the first exception.

The State offered in evidence a paper purporting to be a pension check, an exact copy of which is set out in the case stated. It is dated September 17th, 1885, and purports to be drawn by Robert L. Taylor, United States Pension Agent, on the Assistant Treasurer of the United States, New York, in favor of Mary E. Keith, for twenty-four dollars, and endorsed by the payee in blank.

The introduction of this check was objected to: 1st, because it was not sufficiently described in the indictment to identify it; 2d, because it is not the subject of larceny, under the provision of *The Code,* §1064; and 3d, because there is no evidence of property or ownership in the McGahas, or either of them, there being no endorsement to them by the payee.

It was in evidence that the check was identified as the one that had been in the possession of the prosecutors for Mary E. Keith, and it was sufficiently described. *State* v. *Rout*, 3 Hawks, 618; *State* v. *Fulford*, Phil., 563; *State* v. *Thomason*, 71 N. C., 146.

And it is an obligation "for the payment of money," within the spirit and language of §1064 of *The Code*, and it was identified as being the same which the prosecutors had lost from their store, and was afterwards in the possession of the defendant. It was in the possession of the prosecutors, and the evidence is that it was taken while they had the custody and control of it, and the property is sufficiently laid in them. *State* v. *Hardison*, 75 N. C., 203. So the objection to its admissibility, and to the evidence of the witnesses, W. P. McGaha and W. McGaha, in regard to its identity, ownership, and possession by defendant, cannot be sustained.

The Sheriff was permitted to testify, under objection by defendant, that while he was "bringing the prisoner from Greenville, S. C., to Brevard, under a requisition from the Governor, and while in his custody and handcuffed, in response to some questions by a passenger on the cars, the prisoner said that his father had given him fifty dollars, some time before he went to Greenville, to buy a horse with, and that on the road to Greenville he sold some chestnuts for five dollars, and that he won the check from W. P. McGaha playing cards. This conversation was on the cars in South Carolina." This was no confession, but seems to have been a voluntary statement made by the witness, accounting for his possession of the money and the check—it was not made under any threat or inducement. *State* v. *McDonald*, 73 N. C., 346; *State* v. *Sanders*, 84 N. C., 728.

The acts and declarations of the prisoner, relating to the crime charged, if voluntary, are competent, and, if contradictory or untrue, the State may show that they are contradictory or untrue; and the testimony of Percy McGaha, who

was allowed to testify, under objection by defendant, was admissible, to show that the statements of the defendant were untrue. *State* v. *Garrett,* 71 N. C., 85.

The defendant offered testimony tending to show that prior to the alleged larceny he had in his possession more than fifty dollars, and that he usually had money, and after the close of the testimony he moved that the Solicitor be required to elect "whether he would insist upon conviction for the taking of the money or the check," stating the grounds of the motion. It was overruled and the defendant excepted. The charge is that the money and check were stolen, and the evidence tends to show that they were together and taken at the same time—it is charged as one transaction, in a single count, and the State was not required to elect. The indictment does not charge separate and distinct transactions or larcenies, and is not objectionable because it charges the larceny of more than one article. The jury may find that he is guilty of either, or both, as the evidence may warrant.

When an indictment in one count charged the carrying of a "musket, rifle and shot-gun," under an act which prohibited free persons of color from carrying fire-arms, it was held good, and proof of carrying either was sufficient to justify a conviction. *State* v. *Locklear,* Busb., 305.

The defendant's prayer that the Court "should instruct the jury that there was no evidence that the prosecutors were bailees of the property, and that the State must prove that W. & W. P. McGaha were the owners of the check and money," was properly substituted by the charge, "that if the McGahas were the owners, that ownership must be proven. There may be a qualified ownership. If the McGahas were not really owners, but had possession of the check and money, they would be bailees, and that would be sufficient ownership for the purpose of sustaining an indictment for larceny."

There is no error.