STATE v. ANTHONY ALLEN.

*Larceny, Property may be laid in Bailee—Circumstantial Evidence—General Verdict where there are Two Counts.*

1. Where A had meat in his possession—in his own smoke-house—keeping it for B, who lived with him, the property may be laid in A in an indictment for larceny.

2. Where the evidence is circumstantial, the accused is not entitled to a charge, that it must be as conclusive as if an " eye-witness" had testified to the fact.

3. A general verdict of guilty on an indictment containing two counts, one for larceny, the other for receiving, is valid, although the jury were instructed to return a verdict of " guilty on the *second* count," if satisfied, &c., from the evidence on the part of the State.

CRIMINAL ACTION, tried before *MacRae, J.,* at January Term, 1889, of NORTHAMPTON Superior Court.

The defendant was charged in the indictment with the larceny of some pork, the property of James I. Deloatch, and there was a second count for receiving the same.

Defendant asked for the following special instructions, which were refused :

"1. The State having proved by the prosecutor, James I. Deloatch, that the pork stolen was the property of Polly Parks, the defendant cannot be found guilty.

" 2. The evidence being entirely circumstantial, it must be as strong and conclusive as if one credible eye-witness had testified to the fact."

On the question of circumstantial evidence, the Court instructed the jury, in substance, that the State must prove each fact or circumstance beyond a reasonable doubt, and so as to leave no reasonable hypothesis consistent with the innocence of the accused; "in other words, it must satisfy you

103—28

fully of defendant's guilt," and if they were so satisfied they should respond as their verdict : " Guilty as charged in the second count of the bill," otherwise to return a verdict of "not guilty."

There was a general verdict of guilty, and defendant appealed, assigning as errors—exception having been taken in apt time—the refusal to give the instructions asked, errors in the charge, and that judgment was entered upon the general verdict, which failed to designate on which count the defendant was guilty.

The other facts necessary to an understanding of the decision of the Court are stated in the opinion.

*The Attorney General* and *Mr. R. B. Peebles,* for the State. No counsel for the defendant.

SHEPHERD, J. The first instruction prayed for by the defendant was properly declined. It was in evidence that on Saturday before Christmas the prosecutor's smoke-house was broken open and twenty-three pieces of meat were stolen ; that on the previous Tuesday the prosecutor had killed five hogs, cut them up and placed the meat in his said smoke-house. It was also in evidence that the hogs belonged to his sister, Polly Parks, who had been living with him since the death of her husband, in June ; that the hogs were brought to the prosecutor's in October, and " that she was to live out of " (them).

The prosecutor stated that he had not spoken of charging his sister with any part of the meat. He further testified that "he had the meat in his possession, keeping it "

These circumstances, we think, fully sustained his Honor's charge, to the effect that the prosecutor had such a special property in the meat as would sustain the indictment. Wharton's Crim. Law, §§ 1824, 1830 ; *State* v. *Hardison,* 75 N. C., 203 ; *Owens* v. *The State,* 6 Hump., 330 ; *State* v. *Jenkins,* 78 N. C., 478.

This latter case was cited by the defendant, but, we think, is authority against him. There the property was laid in the mere agent or servant of the railroad company, and the Court held that it was improperly charged. Judge READE thus tersely illustrates the principle: "A is the owner of a horse; B is the special owner, having hired or borrowed it, *or taken it to keep for a time.* C grooms it, and keeps the stables and the key, but is a mere servant, and has no property at all; if the horse be stolen, the property may be laid to be either in A or B, but not in C, although he had the actual possession, and the key in his pocket."

In our case the prosecutor was not the mere agent or servant of the owner, but he had the meat in his possession, in his *own* smoke-house, keeping it, as the evidence tends to show, for his sister.

The other authority, *State* v. *Burgess,* 74 N. C., 272, cited upon this point, is equally inapplicable, the special property in that case being in three persons, and the indictment charging it to be only in one.

The second prayer, that the evidence being circumstantial, it must be as conclusive as if an "eye-witness" had testified to the fact, was also properly refused. *State* v. *Gee,* 92 N. C., 756. His Honor's charge upon the degree of proof was as favorable to the defendant as the law permits. There was a general verdict of guilty.

This exception is of no force. *State* v. *Jones,* 82 N. C., 685, which is directly in point.

We have carefully examined the charge of the Court, and we are unable to find any error.

No error.                                    Affirmed.