### STATE v. JAMES LAW AND MATTHEW KELLY.

(Filed 19 December, 1947.)

**Intoxicating Liquor § 8:  Indictment § 20:  Larceny § 4—**

An indictment for larceny of an automobile which had been seized by officers of the law which lays the ownership of the automobile individually in one of the officers who had seized it, will not be held fatally defective, since such officer was entitled to hold the automobile and approve bond for its return, and thus had a special interest therein sufficient to obviate a fatal variance.

APPEAL by defendants from *Clement, J.,* at June Term, 1947, of FORSYTH.

Criminal prosecution on indictment charging the defendant, in one count, with the larceny of an automobile, of the value of $700.00, the property of one Oscar Morrison; and in a second count, with receiving the same automobile, knowing it to have been feloniously stolen or taken in violation of G. S., 14-71.

The evidence for the prosecution tends to show that on the night of 15 April, 1946, Oscar Morrison and Holt Neal, police officers of the City of Winston-Salem, took possession of an automobile on Mickey Mill Road in the Eastern section of the City, which they thought had been used in the transportation of non-tax-paid whiskey contrary to law, and drove it to the city lot where it was parked for the night.

During the night, the automobile was stolen from the city lot, and there is evidence, circumstantial and presumptive, tending to connect the defendants with its disappearance.

The defendants rested on their demurrers to the State's case and offered no evidence.

Verdict: Guilty as to both defendants.

Judgment: Two years on the roads as to each defendant.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*William H. Boyer and Philip E. Lucas for defendant.*

STACY, C. J. The case was here at the Fall Term, 1946, on an indictment which laid the ownership of the property in the City of Winston-Salem. The officer who seized the property was alone entitled to hold it, or approve bond for its return, and it was suggested the right to the property should be laid in the seizing officer or in the custody of the law. 227 N. C., 103.

In the present bill, the ownership of the property is laid in Oscar Morrison. On the hearing, it appeared that Oscar Morrison was one of the seizing officers who took possession of the automobile. The defendants have again pressed the issue of fatal variance with vigor and confidence.

Oscar Morrison, as one of the seizing officers, was entitled to hold the automobile and to approve bond for its return, thus he had a special interest therein. This suffices, we think, to overcome the demurrers to the evidence and to obviate a fatal variance. *S. v. Allen,* 103 N. C., 433, 9 S. E., 626; *S. v. Bell,* 65 N. C., 313; *S. v. Grant,* 104 N. C., 908, 10 S. E., 554.

The exceptions to the charge are too attenuate to invalidate the trial. The verdict and judgments will be upheld.

No error.