### STATE v. JOHN EDWARD SMITH.

(Filed 23 March, 1966.)

**1. Burglary and Unlawful Breakings § 7—**

A person who breaks or enters a building with intent to commit the crime of larceny is guilty of a felony regardless of whether he succeeds in stealing property or whether he actually steals property of a value not exceeding $200; it is only when the indictment and evidence disclose that the breaking or entering was with the intent to steal specific identifiable property of the value of $200 or less that the offense is a misdemeanor. G.S. 14-54.

**2. Larceny § 7—**

The fact that the indictment charges defendant with larceny of property from a specified person and the evidence discloses that such person was not the owner but was in lawful possession at the time of the offense, there is no fatal variance, since the unlawful taking from the person in lawful custody and control of the property is sufficient to support the charge of larceny.

**3. Larceny § 10—**

Where defendant is convicted of breaking and entering and of larceny of property of the value of $200 or less, and the counts are consolidated for judgment, the fact that the sentence exceeds the maximum for a misdemeanor does not entitle defendant to a vacation of the judgment, the sentence being supported by the conviction of breaking and entering.

MOORE, J., not sitting.

APPEAL by defendant from *Latham, Special Judge,* September 13, 1965, Special Criminal Session of MECKLENBURG.

Defendant was prosecuted on two bills of indictment. In No. 45-104, a two-count bill, the first count charged defendant with feloniously breaking and entering a certain building occupied by Carolina Ruling & Binding Company, a corporation, and the second count charged defendant with the larceny of personal property, to wit, a certain pistol, of the value of $25.00, "of the goods, chattels and moneys of one Archie Griggs." In No. 45-103, the indictment

charged defendant with felonious assault upon Archie Griggs. It was alleged the crimes were committed in June 1965.

Defendant, when arraigned and at trial, was represented by Beverly H. Currin, Esq., court-appointed counsel. Defendant entered pleas of not guilty. The jury returned verdicts of guilty as charged in each count of No. 45-104 and a verdict of guilty of assault with a deadly weapon in No. 45-103.

In No. 45-104, the two counts were consolidated for judgment; and judgment imposing a prison sentence of not less than seven nor more than nine years was pronounced. In No. 45-103, judgment imposing a prison sentence of two years was pronounced, the sentence in No. 45-103 "to be served concurrently" with the sentence in No. 45-104.

Defendant excepted and appealed.

After the entry of said judgments, defendant's notice of appeal, and the signing of appeal entries, an order was entered relieving Mr. Currin from further duties under his appointment as counsel for defendant. The appeal was perfected by defendant's present counsel.

*Attorney General Bruton and Staff Attorney Vanore for the State.*

*Don Davis for defendant appellant.*

PER CURIAM. The State's evidence, in brief summary, tends to show that defendant on June 3, 1965, at night, broke and entered the building of Carolina Ruling & Binding Company, Charlotte, N. C., which consisted of offices, an area where employees operated the equipment, and warehouse space; that defendant came upon, shoved and knocked down Griggs, age 75, a night watchman; and that defendant seized and appropriated to his own use Griggs' pistol, fired a shot in the floor in close proximity to Griggs and fired another shot while he was making his way out of the building. Defendant's testimony tends to show he was in Plainsville, New Jersey, not in Charlotte, North Carolina, in June 1965.

There was ample evidence to support the verdict of guilty of felonious breaking and entering as charged in the first count of No. 45-104. Since the *accomplished* larceny relates solely to a pistol valued at $25.00, defendant contends there is no evidence he broke or entered with the intent to commit a felony. The contention is without merit.

Under G.S. 14-54, if a person breaks or enters one of the buildings described therein with intent to commit the crime of larceny, he

does so with intent to commit a felony, without reference to whether he is completely frustrated before he accomplishes his felonious intent or whether, if successful, the goods he succeeds in stealing have a value in excess of $200.00. In short, his criminal conduct is not determinable on the basis of the success of his felonious venture.

The doctrine of *S. v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745, cited by defendant, has no application unless it appears affirmatively from the indictment and evidence that the breaking or entering was with intent to steal specific identifiable property of the value of $200.00 or less and no other property.

Defendant contends the second count of No. 45-104 should have been dismissed for fatal variance between the indictment and the proof. In the indictment, the ownership of the pistol is laid in Griggs. The evidence is that the daughter of Griggs is the owner of the pistol and that the pistol when stolen was in the custody and under the control of Griggs. The special interest of Griggs as bailee was sufficient to obviate a fatal variance. *S. v. Law,* 228 N.C. 443, 45 S.E. 2d 374; *S. v. MacRae,* 111 N.C. 665, 666, 16 S.E. 173; *S. v. Powell,* 103 N.C. 424, 432, 9 S.E. 627; *S. v. Allen,* 103 N.C. 433, 9 S.E. 626, and cases cited.

Defendant's assignments do not purport to point out any specific error relating to his conviction of assault with a deadly weapon under the indictment in No. 45-103. Nor do we perceive error in defendant's conviction on said indictment.

The crime charged in the second count was the (simple) larceny of property of the value of $200.00 or less, a misdemeanor for which the maximum sentence is two years. See *S. v. Fowler, ante,* 667, ...... S.E. 2d ........ However, no separate sentence based on defendant's conviction of larceny as charged in the second count of No. 45-104 was pronounced. Defendant's conviction of felonious breaking and entering as charged in the first count of No. 45-104 fully supports the judgment in No. 45-104 imposing a prison sentence of not less than seven nor more than nine years. It is noted that the sentence imposed by judgment pronounced in No. 45-103 is "to be served concurrently" with the sentence in No. 45-104.

No error.

MOORE, J., not sitting.