## STATE OF NORTH CAROLINA v. ROGER GREENE

### No. 38

(Filed 6 April 1976)

1. **Larceny § 7— disappearance of tractor and boggs — possession of boggs — insufficient evidence of larceny of tractor**

    Evidence that a tractor and disk boggs which were attached to the tractor by a three-point hitch were stolen on 15 May, that defendant sold the boggs on 22 May, and that the boggs were very heavy and usually moved with a tractor, *held* sufficient to be submitted to the jury on the issue of defendant's guilt of larceny of the boggs but insufficient to be submitted on the issue of defendants' guilt of larceny of the tractor.

2. **Larceny § 4; Indictment and Warrant § 17— larceny indictment — ownership laid in owner and person in possession**

    There was no fatal variance between an indictment charging larceny of disk boggs "of one Newland Welborn and Hershel Greene" and evidence that Greene had legal title to the boggs and that Welborn had borrowed them and had possession of them when they were stolen since both persons named in the indictment had a sufficient property interest in the boggs to support a larceny conviction, and since it is proper to allege both the real owner and the special owner in the indictment.

APPEAL by defendant from the decision of the Court of Appeals reported in 27 N.C. App. 718, 220 S.E. 2d 420 (1975), finding no error in the trial before *Wood, J.,* at the 17 February 1975 Superior Court Session of WILKES Superior Court. Defendant's right of appeal arises under G.S. 7A-30(2) from the dissenting opinion of Judge Martin.

Defendant was charged in the indictment as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT That Roger Greene late of the County of Wilkes on

State v. Greene

the 16th day of May, 1974, with force and arms, at and in the County aforesaid, to-wit: *one Ford Diesel Tractor and one set of Long Brand Boggs* of the value of Thirty-Five hundred dollars, ($3,500.00) of the goods, chattels and moneys of one *Newland Welborn and Hershel Greene* then and there being found feloniously did steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." (Emphasis added.)

The evidence for the State tended to show that Newland Welborn was the owner of a Ford Diesel Tractor and Hershel Greene was the owner of a set of disk boggs. Welborn had borrowed the disk boggs from Greene, which on 15 May 1974 were attached to the tractor by way of a three-point hitch and were last seen about 8:30 p.m. on that date.

On 22 May 1974, Larry Pierce purchased a set of disk boggs from the defendant and paid him with a check for $125. It was the opinion of Pierce that the disk boggs had a market value of $125 to $175. When the purchaser saw the disk boggs at his home, they were on the ground near a panel truck. The defendant left the premises in the panel truck. Later Pierce repainted the disk boggs green.

On 4 October 1974, Hershel Greene saw a set of green-colored disk boggs at the residence of Larry Pierce. He examined and identified them as his disk boggs which he had loaned to Welborn. It was his opinion that they had a fair market value of $400.

Defendant offered no evidence.

The jury returned a verdict of guilty of felonious larceny, and the court imposed an active sentence.

Other facts necessary to the opinion will be set out therein.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General James L. Blackburn and Associate Attorney Alan S. Hirsch for the State.*

*McElwee, Hall & McElwee by John E. Hall for defendant.*

COPELAND, Justice.

In his assignments of error defendant raises two principal questions for our consideration:

1. Should the charge of felonious larceny of the tractor have been nonsuited?

2. As to the disk boggs, was there a fatal variance between the allegations in the bill of indictment and the proof offered by the State with regard to the ownership of them?

[1]   As to the first question, we note that Judge Wood's final mandate to the jury was as follows:

> "[T]hat if . . . Roger Greene took and carried away a Ford 1970 model Ford Diesel 2000 Series and Long bogg disk, took and carried away this property from Newland Welborn and Hershel Greene . . . intending at the time to deprive Newland Welborn and Hershel Greene of its use permanently, and that the property was worth more than two hundred dollars, it would be your duty to return a verdict of guilty of felonious larceny."

When the evidence is considered in the light most favorable to the State, it shows that Welborn was the owner of the tractor and Hershel Greene was the owner of the disk boggs; that the disk boggs had been borrowed from Greene by Welborn and were last seen on 15 May 1974 at 8:30 p.m.; that the disk boggs were attached to the tractor by way of a three-point hitch; that on 22 May 1974, Larry Pierce purchased a set of disk boggs from defendant for $125; that these disk boggs were seen and identified by Hershel Greene on 4 October 1974 at the residence of Larry Pierce; that the fair market value of the disk boggs ranged from $125 to $400. There was no evidence of what happened to the tractor.

The defendant takes the position that under no theory of the law of "recent possession" or circumstantial evidence, is there sufficient evidence to go to the jury as to felonious larceny of the tractor.

Chief Justice Parker, speaking for our Court in *State v. Foster*, 268 N.C. 480, 485, 151 S.E. 2d 62, 66 (1966) lays down the conditions under which the "recent possession" rule operates. To bring this rule into play our Court said there must be proof of three things: "(1) That the property described

in the indictment was stolen, the mere fact of finding one man's property in another man's possession raising no presumption that the latter stole it; (2) that the property shown to have been possessed by accused was the stolen property; and (3) that the possession was recently after the larceny, since mere possession of stolen property raises no presumption of guilt. [Cases Cited]"

There was no evidence that the defendant had ever been in possession of the tractor. But the State contends that because the disk boggs were attached to the tractor by way of a three-point hitch and were very heavy and could not be readily moved without the use of a tractor, the circumstances permit the inference that the party that had recent possession of the disk boggs must have had recent possession of the tractor.

The majorty opinion of the Court of Appeals attempts to distinguish this case from *State v. Foster, supra.* The facts in *Foster* indicate the owner of a filling station secured it about 7:30 p.m. on 31 December 1965. He returned to the station before 2:00 a.m. on 1 January 1966 and found that there had been a breaking and entering. He discovered that six Phillips "66" tires were missing from the storeroom (these six tires consisted of two 775x14 Deluxe action tread, white wall tires; two 775x15 safety action tread, black wall tires; and two 825x14 premium action tread, white wall tires). He went to the grease pit and found his used battery charger missing. The evidence indicated that no breaking and entering was involved in taking this battery charger. On 5 January 1966 he saw and identified his used battery charger at the county jail. Shortly thereafter he saw two automobile tires and four other tires on a car at the police station. The six tires were the same size and tread design as those that were stolen from the service station, but were not positively identified by the owner. The value of his used battery charger and the six tires was more than $200. On 31 December 1965 the defendant and his brother, Jackie Foster, operated a garage in Charlotte. On 5 January 1966, a deputy sheriff went to this garage and found the battery charger. Also found were two new Phillips "66" black wall tires. The battery charger had been freshly repainted. On 4 January 1966 the defendant was seen driving a 1959 Oldsmobile. There were four new Phillips "66" white wall tires on the vehicle, which were later identified by the filling station operator as the same type and size as four of those stolen from the filling station.

On these facts our Court held that although these six tires were found in defendant's possession this was not enough evidence to raise a presumption of defendant's guilt since the doctrine of recent possession does not apply in the absence of evidence identifying the property found in defendant's possession as the identical property stolen. The case was returned to Superior Court for proper sentencing for misdemeanor larceny.

In *State v. Parker*, 268 N.C. 258, 150 S.E. 2d 428 (1966), there was evidence that a store had been broken into by breaking glass doors and five suits of clothes had been stolen. Shortly thereafter there was evidence that an unidentified person dropped something on the railroad track nearby that was later identified as a suit of clothes from the victim's store. This was the only suit of clothes recovered. A railroad employee gave chase but failed to catch the person. Shortly thereafter the defendant was apprehended walking up the railroad tracks from the direction where the agent had chased the unidentified figure. The defendant's hand had been cut, and there was blood on the coathanger that held the suit of clothes. The court held that there was no direct evidence placing the stolen goods in the possession of the defendant and that nonsuit should have been allowed.

We find a good statement of the law on "recent possession" in *State v. Baker*, 213 N.C. 524, 526, 196 S.E. 829, 830-31 (1938).

"The presumption that the possessor is the thief which arises from the possession of stolen goods is a presumption of fact and not of law, and is strong or weak as the time elapsing between the stealing of the goods and the finding of them in the possession of the defendant is short or long. This presumption is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt. The duty to offer such explanation of his possession as is sufficient to raise in the minds of the jury a reasonable doubt that he stole the property, or the burden of establishing a reasonable doubt as to his guilt, is not placed on the defendant, however recent the possession by him of the stolen goods may have been. [Cases cited] The burden of establishing the defendant's

guilt beyond a reasonable doubt remains upon the State at all stages of the trial."

The disk boggs were operated by being connected to the tractor with a three-point hitch. Ordinarily the lift of the tractor is used to permit the disk boggs to be raised and thus facilitate turning, traveling on the highway, or avoiding destructive objects. But the lift or pulling arrangement did not have to be operated with this particular tractor. The disk boggs could be detached and operated with any other suitable tractor properly equipped. As a matter of fact, the evidence is that the disk boggs were apparently delivered to the purchaser, Larry Pierce, in a panel truck. Obviously the tractor could not lift the disk boggs into such a truck.

"Recent possession" is not evidence of guilt; it just raises an inference that will permit the case to go to the jury under proper instructions from the court. *State v. Foster, supra; State v. Parker, supra.* We believe the facts in *Foster* as to the larceny of the six tires made out a stronger case for the State than the facts in our case as to larceny of the tractor. In *Foster* the six tires were identified as being of the same type and size as those that were apparently stolen at the same time as the battery charger. It is true the tires were not identified positively, but there was considerable circumstantial evidence. The majority opinion of the Court of Appeals attempts to distinguish *Foster* because of circumstantial evidence in our case. However, there is absolutely no evidence fixing possession of the tractor in defendant at any time. Judge Martin in his dissenting opinion properly quoted the following:

> "The identity of the fruits of the crime must be established before the presumption of recent possession can apply. The presumption is not in aid of identifying or locating the stolen property, but in tracking down the thief upon its discovery." *State v. Jones,* 227 N.C. 47, 49, 40 S.E. 2d 458, 460 (1946).

We conclude that the defendant's unexplained possession of the disk boggs permits the inference that he stole the boggs, but it does not permit the further inference that he took the still missing tractor. Circumstantial evidence in this case is not sufficient to fill the gap. "Inference may not be based on inference. Every inference must stand upon some clear and direct evidence. . . . " *State v. Parker, supra* at 262, 150 S.E. 2d at 431.

We hold that *Foster* is controlling and the trial judge should have allowed the motion for nonsuit as to felonious larceny of the tractor.

**[2]** The second question raised is whether, as to the disk boggs, there is a fatal variance in the bill of indictment and the proof offered by the State with regard to ownership of them.

The indictment alleges in pertinent parts that "one Ford Diesel Tractor and one set of Long Brand Boggs . . . of one Newland Welborn and Hershel Greene" were stolen by defendant. The proof of the State indicated that Welborn had legal title to the tractor and that Greene had legal title to the disk boggs and had loaned them to Welborn, who was using them on his tractor for his farming.

In *State v. Jenkins*, 78 N.C. 478, 479 (1878) our Court enunciated the following rule with respect to larceny:

> "[T]he property [in the goods stolen] must be laid to be either in him who has the *general* property or in him who has a *special* property. It must at all events be laid to be in some one who has a *property* of some kind in the article stolen. It is not sufficient to charge it to be the property of one who is a mere servant, although he may have had actual possession at the time of the larceny; because having no *property,* his possession is the possession of his master."

The Court then gave the following example:

> "A is the general owner of a horse; B is the special owner, having hired or borrowed it, or taken it to keep for a time; C grooms it and keeps the stable and the key, but is a mere servant and has no property at all;—if the horse be stolen, the property may be laid to be either in *A or B;* but not in C although he had the actual possession and the key in his pocket." (Emphasis added.) *State v. Jenkins, supra* at 480. *Accord, State v. Allen,* 103 N.C. 433, 435, 9 S.E. 626, 627 (1889).

Since *Jenkins* was decided, the general law has been that the indictment in a larceny case must allege a person who has a property interest in the property stolen and that the State must prove that that person has ownership, meaning title to the property or some special property interest. *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165 (1966); *State v. Brown,* 263 N.C.

786, 140 S.E. 2d 413 (1965); *State v. Stinson,* 263 N.C. 283, 139 S.E. 2d 558 (1965); *State v. Law,* 228 N.C. 443, 45 S.E. 2d 374 (1947); *State v. Law,* 227 N.C. 103, 40 S.E. 2d 699 (1946); *State v. Hauser,* 183 N.C. 769, 111 S.E. 349 (1922); *State v. MacRae,* 111 N.C. 665, 16 S.E. 173 (1892); *State v. Allen, supra; State v. Powell,* 103 N.C. 424, 9 S.E. 627 (1889); *State v. Bishop,* 98 N.C. 773, 4 S.E. 357 (1887); *State v. Jenkins, supra; State v. Hardison,* 75 N.C. 203 (1876); *State v. Burgess,* 74 N.C. 272 (1876). *See generally* 4 Strong, N. C. Index 2d Indictment and Warrant § 17; 52A C.J.S. Larceny § 13; 50 Am. Jur. 2d Larceny § 167. If the person alleged in the indictment to have a property interest in the stolen property is not the owner or special owner of it, there is a fatal variance entitling defendant to a nonsuit.

Defendant cites *State v. Burgess, supra,* as authority for his position that there is a fatal variance. The bill of indictment in that case charged defendant with larceny of a pair of shoes, the property of Joshua Brooks. The proof indicated that the shoes belonged to one Hagler and that he had provided the firm of William Brooks & Son with leather to make him a pair of shoes. The firm was composed of William Brooks, Joshua Brooks and Henry Brooks. The firm was in possession of the finished shoes, holding them for the owner Hagler, when they were stolen. The firm had a lien on the shoes for making them. Joshua Brooks individually was not the bailee. Rather, he was one of three men who together owned the firm that was the bailee of the shoes. The indictment failed to allege either the owner Hagler or the bailee firm as having a property interest in the shoes.

The facts in *Burgess* are distinguishable from ours and certainly not controlling in this instance. In our case, there is no failure to name either the owner or special owner in the indictment. The indictment alleged that Welborn and Greene had a property interest. In fact, Welborn was the bailee or special owner of the disk boggs, and Greene had legal title to them.

Defendant contends that alleging a property interest in both Greene and Welborn automatically means that the allegation is that they are joint owners. That conclusion does not necessarily follow. The indictment does not specify the precise property interests held by Greene and Welborn. If defendant was not satisfied with the allegation as to ownership, he should

have sought a bill of particulars. G.S. 15-143 (replaced by G.S. 15A-925, effective 1 September 1975). *State v. Johnson,* 220 N.C. 773, 18 S.E. 2d 358 (1942). *See also State v. Everhardt,* 203 N.C. 610, 168 S.E. 738 (1932). *See generally* 4 Strong, N. C. Index 2d Indictment and Warrant § 13. Since both Greene and Welborn had property interests in the disk boggs, there is not even any obfuscation by the listing of any person's name who does not have a property interest in the stolen property. Since the property may be laid in the owner or the special owner, certainly it may be laid in both. This more fully informs defendant about the property stolen. The purpose of the requirement that ownership be alleged is to (1) inform defendant of the elements of the alleged crime, (2) enable him to determine whether the allegations constitute an indictable offense, (3) enable him to prepare for trial, and (4) enable him to plead the verdict in bar of subsequent prosecution for the same offense. *See State v. Carlson,* 171 N.C. 818, 89 S.E. 30 (1916). *See also People v. Harden,* 42 Ill. 2d 301, 247 N.E. 2d 404 (1969). Alleging both the real owner and the special owner further promotes this purpose.

We also note that the order in which the property was listed corresponded to the order that the title holders of the respective pieces of property were listed.

For the above reasons, there is no fatal variance, and the assignment of error is overruled.

We deem it unnecessary to discuss defendant's other assignments of error. Most of these relate to the two questions considered herein. Since the charge submitted to the jury permitted the verdict to be based upon the alleged larceny of the tractor, whereas a nonsuit as to the tractor should have been entered, there must be a new trial based solely on the alleged larceny of the disk boggs. If the evidence is substantially the same as at the first trial, defendant may be found guilty of felonious larceny or misdemeanor larceny or not guilty.

New trial.