STATE OF NORTH CAROLINA v. ANTHONY JONES

No. 8315SC381

(Filed 17 January 1984)

**Larceny § 7.3— ownership of stolen property—insufficient evidence**

The State's evidence was insufficient to support defendant's conviction of misdemeanor larceny of money belonging to "Sands Vending Machine Company of Greensboro while in the custody of Brown-Wooten Mills, Inc." as alleged in the indictment where the evidence tended to show only that the money box of a vending machine at the Brown-Wooten mill had been pried open and the money taken therefrom, and that defendant was found lying on the floor of the mill with a sock containing $42.00 in nickels, dimes and quarters and a tire iron in his pocket, but the evidence failed to show that the mill had custody or any property interest in either the machine or money in that there was no evidence as to who owned the vending machine and the money in it or as to what relationship, if any, existed between the mill and the machine owner.

APPEAL by defendant from *Smith, Judge.* Judgment entered 29 November 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 29 November 1983.

Defendant was charged with felonious breaking and entering and larceny. The personal property allegedly stolen was monies belonging to "Sands Vending Machine Company of Greensboro while in the custody of Brown-Wooten Mills, Inc."

The State's evidence tended to show that: A police officer, called to Brown-Wooten Mills in Burlington on July 10, 1982 at approximately 11:37 p.m., found defendant lying on the floor with a sock containing $42 in nickels, dimes and quarters and a tire iron in his pocket; and in a different part of the building, found a vending machine whose money box had been pried open. Defendant admitted breaking into the machine, but signed no statement.

At the close of the State's evidence the court dismissed the breaking and entering and felonious larceny charges, but denied defendant's motion to dismiss the lesser included offense of misdemeanor larceny. Defendant offered no evidence and was convicted of misdemeanor larceny.

*Attorney General Edmisten, by Associate Attorney General Charles H. Hobgood, for the State.*

*Ross and Dodge, by Harold T. Dodge, for defendant appellant.*

PHILLIPS, Judge.

The sufficiency of the evidence to support defendant's conviction is the only question presented for our determination. Since *State v. Jenkins,* 78 N.C. 478 (1878), our "law has been that the indictment in a larceny case must allege a person who has a property interest in the property stolen and that the State must prove that that person has ownership, meaning title to the property or some special property interest." *State v. Greene,* 289 N.C. 578, 584, 223 S.E. 2d 365, 369 (1976). The indictment in this case doubly met the test, since it alleged that two concerns had property interests in the stolen property — Sands Vending Machine Company, as legal owner, and Brown-Wooten Mills, Inc., as custodian. But the proof was deficient.

The only evidence presented about the vending machine and the money in it, other than that the machine was broken into and defendant had the money, was that it was in a certain section of the Brown-Wooten Mills factory building. No evidence was offered as to who owned the machine or the money in it; or as to what relationship, if any, existed between the mill and the machine owner; or as to how the machine came to be at the mill; or who was in charge of it and by what authority. While the State's evidence that the machine was situated in the mill was enough to prove possession, it was not enough to prove that the mill had custody of either the machine or money or had any other property interest in it. Custody of personal property involves more than possession, and, for that matter, can exist without it; ultimately, it is based upon authority from the owner, and means to have charge, or be in control, of property, and also carries with it responsibility for the thing kept. The State's failure to prove its allegations was fatal to the case and defendant's motions to dismiss at the close of the evidence and after the verdict should have been granted. *State v. Wiggs,* 269 N.C. 507, 511, 153 S.E. 2d 84, 87 (1967); *State v. Allen,* 103 N.C. 433, 9 S.E. 626 (1889).

The State contends that since defendant did not claim owner-ship of the money and the mill had possession of it that it can be safely inferred that the mill was also the owner. But our law per-mits no such substitutions for proof when liberty or life is in issue; nor should it, since proof is both simpler and more reliable.

The judgment appealed from is reversed and the cause is remanded to the Superior Court for entry of a verdict of acquit-tal.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.