Justice EARLS dissenting.
The evidence to support Ms. McDaniel's conviction for breaking and entering, and larceny after breaking and entering, based on her alleged possession of items stolen from the uninhabited residence at 30 Woody Street on 20 March 2014 is insufficient. McDaniel's conviction is not based on the items found in her possession on 4 April 2014, but instead is based on the items not found in her possession from a breaking and entering that occurred on or about 20 March 2014. State v. McDaniel , --- N.C.App. ----, 817 S.E.2d 6, 8-9 (2018). The doctrine of recent possession requires the State to show beyond a reasonable doubt that:
(1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to **607 control the goods; ... and (3) the possession was recently after the larceny, mere possession *292 of stolen property being insufficient to raise a presumption of guilt.
State v. Maines , 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981) (citations omitted). At issue in this case is whether, taking all the evidence in the light most favorable to the State, there is substantial evidence of the second element above. See State v. Barnes, 345 N.C. 146, 148, 478 S.E.2d 188, 189-90 (1996). The stolen items, namely a monitor heater, copper tubing, aluminum ladder, lawnmower, pipes, and wiring, were never found in McDaniel's possession. McDaniel instead admitted to briefly transporting the items for her employer Nichols on 2 April 2014. The State offered no evidence that McDaniel had the "power and intent to control the goods" to the exclusion of others, between the date of the breaking and entering that occurred on or about 20 March 2014 and the date McDaniel admitted to transporting the items on 2 April 2014. Furthermore, there was no evidence that McDaniel even knew the items had been stolen from 30 Woody Street at the time she was transporting them for her employer. "Proof of a defendant's recent possession of stolen property, standing alone, does not shift the burden of proof to the defendant. That burden remains on the State to demonstrate defendant's guilt beyond a reasonable doubt." Maines , 301 N.C. at 674, 273 S.E.2d at 293 (citation omitted).
At the time of the breaking and entering, McDaniel was working for Nichols by collecting items for transportation to the scrapyard. The two often worked at 50 Woody Street searching for items in and around the house to sell to the scrapyard and frequently used McDaniel's truck to transport the items. McDaniel testified at trial that while at the home located at 50 Woody Street, Nichols asked her to load the property at issue onto her truck, drive it down the hill, and unload it outside his residence because he was storing it for a friend. McDaniel had no knowledge the property was stolen. Taking the evidence in the light most favorable to the State, the State only showed McDaniel briefly possessed the stolen property up to two weeks after the breaking and entering occurred. McDaniel's conviction therefore rested only upon her brief possession of the stolen property that she was instructed to transport for another, specifically her employer Nichols.
This Court has warned that "[t]he applicability of the doctrine of the inference of guilt derived from the recent possession of stolen goods depends upon the circumstance and character of the possession." State v. Weinstein , 224 N.C. 645, 650, 31 S.E.2d 920, 924 (1944). Although McDaniel admitted to temporarily possessing the stolen property, the **608 possession was under a unique circumstance and character due to McDaniel's employment status. "It is not sufficient to charge [the stolen property] to be the property of one who is a mere servant, although he may have had actual possession at the time of the larceny." State v. Greene , 289 N.C. 578, 584, 223 S.E.2d 365, 369 (1976) (quoting State v. Jenkins , 78 N.C. 478, 479 (1878) ); see also State v. Campbell , --- N.C.App. ----, 810 S.E.2d 803, 819 (2018) ("[A]n employee in possession of property on behalf of the employer does not have a sufficient ownership interest in the property."). It is essential to understand the legal implications of the fact that McDaniel was an employee of Nichols', and that she was acting under his direction when she transported the property.[1] Here, because McDaniel was a mere employee of Nichols' and acting under his directive when she transported the property, her possession was not that of herself but of her employer. See Greene , 289 N.C. at 584, 223 S.E.2d at 369 ("his possession is the possession of his master.") (quoting Jenkins , 78 N.C. at 479 ).
In addition to possessing stolen property, the second element of the doctrine requires that the defendant have "the power and intent to control the goods." Maines , 301 N.C. at 674, 273 S.E.2d at 293 (citations omitted) (emphasis added). Contrary to the majority's view, McDaniel lacked the intent to control the stolen property. Instead, evidence *293 showed that subsequent to Nichols' orders, McDaniel transported the items from 50 Woody street to 24 Ridge Street, a house a short distance away. Proof of McDaniel's lack of intent to possess the property was present after she unloaded the property because she failed to return to the residence to take possession and control of the items. Evidence further showed that McDaniel had no affiliation to the residence where she unloaded the property and was not present when the items were discovered. The State failed to offer any evidence to contradict McDaniel's version of events and McDaniel never gave conflicting stories concerning the property to law enforcement. Cf. State v. May , 292 N.C. 644, 659-60, 235 S.E.2d 178, 188 (1977) (judgment of nonsuit properly denied where "[t]he State's evidence is sufficient to contradict and rebut defendant's exculpatory statement, and casts great doubt upon the credibility of defendant's statement.").
The majority today holds that in this case, defendant's recent possession of stolen property alone is sufficient to support a conviction for breaking and entering and larceny after breaking and entering. However, **609 "[p]roof of a defendant's recent possession of stolen property, standing alone, does not shift the burden of proof to the defendant." Maines , at 674, 273 S.E.2d at 293. Because the State failed to come forward with substantial evidence that McDaniel had exclusive possession over the stolen property with the power and intent to control the items, the Court of Appeals' decision should be affirmed.

Similarly, a pawn shop owner is not guilty of larceny through the doctrine of recent possession if she has possession of stolen goods that were pawned. Instead, the State places regulations on pawn shop owners "to prevent unlawful property transactions [ ] in stolen property." N.C.G.S. § 66-386(1) (2012).