STATE OF NORTH CAROLINA v. JAMES TERRY LITCHFORD

No. 8525SC577

(Filed 21 January 1986)

**1. Burglary and Unlawful Breakings § 6— felonious breaking or entering—intent to commit larceny omitted from final mandate—no error**

The trial court did not commit plain error in a prosecution for felonious breaking or entering by omitting the element of intent to commit larceny from

State v. Litchford

its final mandate because the court had just previously instructed the jury on all the elements of felonious breaking or entering. N.C.G.S. 14-54(a), Rule of App. Procedure 10(b)(2).

**2. Larceny § 8.2— larceny of narcotics from pharmacy—jury instructions—reference to individual rather than corporate ownership—no error**

The trial court in a prosecution for felonious larceny did not submit to the jury a possible theory of conviction which was not supported by the evidence or the indictment, and there was no plain error in the court's instruction, where the indictment charged that the stolen property was the personal property of Burke Pharmacy, Inc.; the evidence showed that Burke Pharmacy, Inc. owned the stolen narcotics and that the drugs were so labeled; that Dan Rhodes owned and operated Burke Pharmacy, Inc.; that Rhodes in his testimony referred to Burke Pharmacy, Inc. as his drugstore and the stolen products as "my" drugs; defense counsel fell into the pattern of referring to Burke Pharmacy, Inc. and Burke Pharmacy's drugs as Rhodes' drugstore and Rhodes' drugs; and the court charged the jury concerning narcotics belonging to Dan Rhodes. The stolen property belonged to Dan Rhodes in his role as the owner and operator of Burke Pharmacy, Inc. and it cannot be said that the instructional mistake had a probable impact on the jury's finding of guilt.

**3. Criminal Law § 138.42— insubstantial loss by victim—larceny stopped in progress—no mitigating factor**

The trial court did not err in a felonious breaking or entering and felonious larceny prosecution by failing to find as a non-statutory mitigating factor that the victim suffered only insubstantial loss where the police stopped defendant's accomplice in the middle of the larceny.

APPEAL by defendant from *Owens, Judge*. Judgments entered 22 February 1985 in Superior Court, BURKE County. Heard in the Court of Appeals on 24 October 1985.

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General James C. Gulick for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Louis D. Bilionis for defendant appellant.*

COZORT, Judge.

The State's evidence tended to show the following:

On the evening of 2 February 1984, Officer Carl Burleson of the Morganton Police Department caught Edward Marshall inside the Burke Pharmacy, Inc. Earlier, Officer Burleson had spotted a van in the area. Found on the floor of the pharmacy was a duffel bag containing several types of drugs and a change box. Those

drugs had been removed from the pharmacy's prescription department. Also found in the pharmacy was a walkie-talkie radio.

Marshall testified that he and the defendant, James Terry Litchford, had a discussion in Louisville, Kentucky, about breaking into a drug store and developed a plan to do so. The plan called for Marshall to get a doctor to write a prescription for him and for Marshall to take it to a drugstore. While the druggist filled the prescription, Marshall would watch to see where the drugs were stored. Later that night, he and the defendant would return to the drugstore. Defendant would pull the cylinder out of the front door, and Marshall would enter the building and take the drugs. Then, Marshall would call the defendant on a walkie-talkie and defendant would pick up Marshall. Bobby McGuffin was enlisted to get the walkie-talkies and a radio scanner. McGuffin also owned the van to be used.

The three men left Kentucky and arrived in Morganton, spending the night in a motel room registered to Marshall. The following morning, Marshall obtained a prescription and had it filled at Burke Pharmacy, Inc. That night, defendant pulled the cylinder out of the door of Burke Pharmacy, Inc., and then drove off with McGuffin while Marshall entered the building to obtain the drugs. While inside the pharmacy Marshall heard a message over the walkie-talkie to "get out." Immediately thereafter, Officer Burleson caught Marshall.

Mr. Dan Rhodes testified that he is the owner of Burke Pharmacy, Inc. and was the owner on 2 February 1984. Mr. Rhodes further testified that the narcotics found in the duffel bag on the floor of the pharmacy were "my narcotics." Each bottle of pills had Rhodes' wholesaler's identification number and a sticker with the word "Burke" on it. Rhodes further testified that he neither gave anyone permission to go into Burke Pharmacy after he closed it on 2 February 1984, nor did he give anyone permission to take the narcotics from Burke Pharmacy.

The defendant put on an alibi defense. Diane Pittman, the sister of defendant's girl friend, testified that on the night of 2 February 1984, defendant was at her apartment in Louisville, Kentucky. Brenda Erwin, a schoolteacher from Louisville, testified that she remembered seeing the defendant at Diane Pitt-

man's apartment on the night of 2 February 1984 as well as the next day.

The jury returned verdicts of guilty of felonious breaking or entering and guilty of felonious larceny. Defendant received consecutive sentences of five years each for the felonious breaking or entering and the felonious larceny convictions.

[1] Defendant's first assignment of error brought forth in his brief is that the "trial court committed plain error in its mandate to the jury on the charge of felonious breaking or entering; on the grounds that an essential element of the crime—that there be an intent to commit a felony therein—was omitted." Considering the jury charge as a whole, we find the trial court's omission of an essential element of felonious breaking or entering in its final mandate does not constitute plain error.

The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein. G.S. 14-54(a). Here the indictment charged that the defendant broke and entered Burke Pharmacy, Inc., with the intent to commit larceny.

In its final mandate to the jury on the breaking or entering charge the trial court instructed as follows:

> So I charge you that if you find from the evidence beyond a reasonable doubt that on or about February 2nd, 1984, the defendant Terry Litchford acting by himself or acting together with Edward Marshall and Bobby McGuffin removed the lock from the building occupied by Burke Pharmacy, Inc. for the purpose of permitting entry, or that Edward Marshall entered the building acting together with the defendant Terry Litchford and Bobby McGuffin, it would be your duty to return a verdict of guilty of breaking or entering as to the defendant Terry Litchford. If you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty with respect to the breaking or entering charge.

This instruction omitted the third essential element of felonious breaking or entering: that the breaking or entering be done with the intent to commit a felony or, as in this case, larceny therein. The defendant, however, did not object to the court's instruction

and is precluded by North Carolina Rules of Appellate Procedure, Rule 10(b)(2) from challenging the instruction on appeal unless it constitutes plain error. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). The test for plain error is as follows:

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."
>
> *United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir. 1982) (footnotes omitted) (emphasis in original) . . . .

*Id.* 307 N.C. at 660, 300 S.E. 2d at 378. Having examined the entire record as directed by *State v. Odom, supra,* including construing the jury charge contextually as a whole, *State v. Brackett*, 218 N.C. 369, 11 S.E. 2d 146 (1940), we find no plain error.

While defendant argues that the trial court in its final mandate incorrectly omitted the third essential element of felonious breaking or entering, defendant concedes that "[e]arlier in its instructions, the court properly noted that the specific intent to commit the felony of larceny was an element of the crime." In fact, this instruction was given immediately prior to the final mandate. In light of the fact that the trial court had just previously instructed the jury on all the elements of felonious breaking or entering, we find that its omission of the third element in its final mandate does not constitute plain error. In this case we cannot say that the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

The second and third assignments of error brought forth in defendant's brief are based on the trial court's instructions to the jury on the offense of felonious larceny.

[2]　During its instructions on felonious larceny the trial court instructed the jury, in part, that to find the defendant guilty it had to find:

> the defendant . . . took and carried away a quantity of narcotic drugs belonging to *Dan Rhodes* without the consent of *Dan Rhodes*, . . . intending at that time to deprive *Dan Rhodes* of the use of the property permanently . . . . [Emphasis added.]

The indictment, however, charged that the stolen property was the personal property of Burke Pharmacy, Inc. Defendant argues that because the trial judge erroneously charged the jury that it had to find that Dan Rhodes owned the stolen property, he is entitled to have his felonious larceny conviction reversed or, in the alternative, is entitled to a new trial.

Again, we note that defendant never objected to the trial court's instructions on the felonious larceny charge and therefore is barred from assigning error based upon the instructions unless they constitute plain error.

Defendant argues that the trial court's charging the jury that it had to find Dan Rhodes was the owner of the stolen property amounts to presenting a theory of the crime which was neither supported by the evidence nor charged in the indictment. *See State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984); *State v. Taylor*, 304 N.C. 249, 283 S.E. 2d 761 (1981); and *State v. Dammons*, 293 N.C. 263, 237 S.E. 2d 834 (1977). We disagree.

It is the rule in this State "that the trial court should not give instructions which present to the jury possible theories of conviction which are either not supported by the evidence or not charged in the bill of indictment," and "that where the indictment for a crime alleges a theory of the crime, the State is held to proof of that theory and the jury is only allowed to convict on that theory." *State v. Taylor*, 304 N.C. 249, 274-75, 283 S.E. 2d 761, 777-78 (1981).

Here, defendant was charged with felonious larceny of personal property belonging to Burke Pharmacy, Inc. The evidence shows that Burke Pharmacy, Inc. owned the stolen narcotics, that the drugs were so labeled, and that Dan Rhodes owned and operated Burke Pharmacy, Inc. Through Dan Rhodes' testimony, the State established that "the legal name of Burke Pharmacy" is Burke Pharmacy, Incorporated." In his testimony Rhodes quite naturally referred to Burke Pharmacy, Inc., as his drugstore or pharmacy and the stolen narcotics as "my" drugs. Even defense counsel fell into this pattern of equating Burke Pharmacy, Inc. and Burke Pharmacy's drugs as Rhodes' drugstore and drugs. Twice during his cross-examination of Rhodes, defense counsel referred to Burke Pharmacy, Inc., as "your [Rhodes'] store" and "your pharmacy." Also, in asking Rhodes about the inventory of stolen drugs other than Dolphine, defense counsel inquired: "You got none of the others." Technically, it would have been better for the trial court to have charged the jury that it had to find Burke Pharmacy, Inc., was the owner of the stolen narcotics rather than Dan Rhodes. Such a misstatement by the trial court, however, does not amount to submitting to the jury a possible theory of conviction which is neither supported by the evidence nor the indictment. This is especially true where defense counsel, in his questions, and witness Rhodes, in his answers, equated Burke Pharmacy, Inc., with Rhodes.

Furthermore, it is true that "allegations of ownership described in the bill of indictment [for felonious larceny] are essential." *State v. Crawford*, 29 N.C. App. 117, 119, 223 S.E. 2d 534, 535 (1976). "If the person alleged in the indictment to have a property interest in the stolen property is not the owner or special owner of it, there is a fatal variance entitling defendant to a nonsuit." *State v. Greene*, 289 N.C. 578, 585, 223 S.E. 2d 365, 370 (1976). Here there was no fatal variance for, as defendant concedes, both the indictment and the evidence show Burke Pharmacy, Inc., was the owner of the stolen property. The stolen drugs "belonged" to Dan Rhodes in his role as owner and operator of Burke Pharmacy, Inc. There was no plain error in the trial court's instructions on felonious larceny because it cannot be said that the instructional mistake "had a probable impact on the jury's finding of guilt." *State v. Odom*, 307 N.C. 655, 661, 300 S.E. 2d 375, 379 (1983).

[3]   We next review defendant's assignment of error that the trial court erred in failing to find, as a nonstatutory mitigating factor at sentencing, that the victim suffered only insubstantial loss. This assignment of error is without merit. The victim's loss was insubstantial because the police stopped defendant's accomplice in the middle of the larceny. The Fair Sentencing Act did not intend that a defendant be rewarded with a sentence less than the presumptive simply because the police kept him from being successful in his crime.

Lastly, we have reviewed defendant's remaining assignment of error and find no merit in it.

No error.

Judges WHICHARD and EAGLES concur.