**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4908**

———————————


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT ANDRE BACOTE,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-03-159)

———————————

Submitted:  March 24, 2006            Decided:  July 10, 2006

———————————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Andre Bacote pled guilty to robbery interfering with commerce, 18 U.S.C. § 1951 (2000) (Hobbs Act), and to using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C.A. §§ 924(c), 2 (West 2000 & Supp. 2005). He was sentenced as a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (2001),[1] to a term of 165 months imprisonment for the robbery and a consecutive eighty-four months for the § 924(c) conviction. In a supplemental brief filed after United States v. Booker, 543 U.S. 220 (2005), and Shepard v. United States, 544 U.S. 13 (2005), Bacote contests the career offender sentence, arguing that the district court erred in deciding that his 1996 North Carolina breaking and entering conviction was a crime of violence under USSG § 4B1.2 and in applying the guidelines as mandatory. For the reasons explained below, we vacate the sentence and remand for resentencing. We deny Bacote's motions for a specific oral argument date and for a continuance of oral argument.

A defendant is a career offender if (1) he was at least eighteen years old when he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a drug offense; and (3) he has at least two prior felony

---

[1]Although Bacote was sentenced in November 2003, the probation officer used the 2001 Guidelines Manual to avoid a possible violation of the Ex Post Facto Clause.

- 2 -

convictions of either a crime of violence or a drug offense. USSG § 4B1.1(a).

Under USSG § 4B1.2(a), to be a "crime of violence" for career offender purposes, a prior offense must be one that

    (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In this case, the presentence report contained information about Bacote's prior breaking and entering conviction taken from police reports, which stated that Bacote entered a garage attached to the victim's residence through a side door and stole a motorcycle and a go-cart by raising the garage door from the inside. Bacote was initially charged with second degree burglary but pled guilty to the lesser offense of felonious breaking and entering. Bacote objected to the career offender sentence and was permitted to testify at the sentencing hearing. He maintained that the offense involved entry into a storage shed some forty feet from the house, not an attached garage.

The only documents available to the sentencing court from the prior proceeding were the original bill of information charging second degree burglary of a dwelling and a judgment revoking the sentence of probation five months later. The judgment of revocation stated only that Bacote's offense was breaking and

entering in violation of N.C. Gen. Stat. § 14-54(a) (2003). The court determined that it could not engage in fact finding concerning the nature of the prior offense, and instead was bound to follow the categorical approach mandated by Fourth Circuit precedent to determine whether Bacote's breaking and entering offense was a crime of violence. See United States v. Smith, 359 F.3d 662, 664 (4th Cir. 2004) (in determining whether an offense is a crime of violence, the "sentencing court must confine its factual inquiry to those facts charged in the indictment") (quoting United States v. Johnson, 953 F.2d 110, 113 (4th Cir. 1991)). The court decided that it could, consistent with the categorical approach, consider the facts alleged in the information that charged Bacote with second degree burglary of a dwelling. The court thus determined that the breaking and entering offense to which Bacote pled guilty "contained the elements of a crime of violence" and should be considered a predicate offense for a career offender sentence.

Because Bacote did not challenge his career offender status on Sixth Amendment grounds in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain and affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or

public reputation of judicial proceedings); <u>United States v. Hughes</u>, 401 F.3d 540, 546-60 (4th Cir. 2005) (same).

Because Bacote pled guilty to a lesser offense, the conduct set out in the original charging document is not the conduct for which Bacote was convicted. <u>United States v. Martin</u>, 215 F.3d 470, 473 (4th Cir. 2000). Even if the district court may consider facts alleged in the original charging document, it is limited to those facts that correspond to the elements of the lesser included offense. <u>Id.</u> (assuming without deciding that, when a prior conviction is for a lesser included offense, the district court may consider facts in the original indictment to determine whether the offense was a crime of violence).

Breaking and entering is not one of the offenses enumerated in § 4A1.2(a)(2), and could, under N.C. Gen. Stat. § 14-54, be committed by unlawful entry into either a dwelling or a non-dwelling building. The elements of the offense are: the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny within. <u>State v. Litchford</u>, 338 S.E.2d 575 (N.C. Ct. App. 1986). Thus, the only fact alleged in the original bill of information that the district court could consider is the allegation that Bacote unlawfully entered an unspecified type of building. N.C. Gen. Stat. § 14-54(a).

Although this court held in <u>United States v. Bowden</u>, 975 F.2d 1080, 1085 (4th Cir. 1992), that a violation of N.C. Gen.

- 5 -

Stat. § 14-54 is "generic burglary," see Taylor v. United States, 495 U.S. 575 (1990), and constitutes a "violent felony," as defined in 18 U.S.C.A. § 924(e)(2)(B)(ii) (West 2000 & Supp. 2005), for purposes of sentencing a defendant as an armed career criminal, the definition of a "crime of violence" used in § 4B1.2(a)(2) for a career offender sentence is narrower, and includes only burglary of a dwelling.

Because the offense to which Bacote pled guilty did not have as an element the use, attempted use, or threatened use of physical force against another, § 4B1.2(a)(1), and was not burglary of a dwelling, § 4B1.2(a)(2), the district court should have taken the next step in the categorical approach and determined whether it was an offense that, by its nature, "involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a)(2); United States v. Washington, 404 F.3d 834, 837 (4th Cir. 2005). Instead, by finding that Bacote's prior offense involved breaking and entering of a dwelling, a fact Bacote disputed, the district court resolved a factual dispute about the prior conviction by taking as true an allegation not contained in the charging document that pertained to the offense to which Bacote pled guilty. Because the district court enhanced Bacote's sentence based on its factual finding about the prior conviction, a Sixth Amendment error occurred. See Shepard, 544 U.S. at 16 (holding that sentencing court may not refer to police reports or complaint

- 6 -

applications to determine nature of prior conviction because Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record"); United States v. Collins, 412 F.3d 515, 522-24 (4th Cir. 2005) (career offender sentence did not violate Sixth Amendment because court not required to determine any disputed fact about prior convictions); Washington, 404 F.3d at 843 (district court's determination, after fact-finding, that prior conviction was a crime of violence did not come within Apprendi[2] exception for "fact of a prior conviction").

Without the challenged career offender enhancement, Bacote's offense level would be 20. With twelve criminal history points, he would be in category V. For purposes of determining Booker error, this court uses the guideline range based on the facts the defendant admitted before the range is adjusted for acceptance of responsibility. United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Because Bacote was in criminal history category V, the guideline range under this calculation would be 63-78 months, with a consecutive sentence of eighty-four months for the § 924(c) conviction. The total punishment possible without a departure would be 162 months. The 249-month sentence imposed by the district court exceeds the maximum authorized based on the facts Bacote admitted, and thus violated the Sixth

_____

[2]Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

Amendment.  The sentence constituted plain error under <u>Booker</u> and <u>Hughes</u>, and the error affected Bacote's substantial rights.  We therefore exercise our discretion to notice the error.[3]

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  543 U.S. at 264.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the guidelines range, the court should explain its reasons for imposing a non-guidelines sentence as required by 18 U.S.C.A. § 3553(c)(2).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u>

Accordingly, we vacate the sentence imposed by the district court and remand for resentencing consistent with <u>Booker</u> and <u>Shepard</u>.  We deny Bacote's motions for a specific oral argument

_____

[3]Just as we noted in <u>Hughes</u>, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Bacote's sentencing.  <u>Hughes</u>, 401 F.3d at 545 n.4.  <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

date and for a continuance of argument.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED