IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-863

Filed: 18 August 2020

Cleveland County, No. 18 CRS 50333

STATE OF NORTH CAROLINA

v.

MICHAEL EUGENE WRIGHT, Defendant.

Appeal by defendant from judgment entered 26 April 2019 by Judge Carla Archie in Cleveland County Superior Court. Heard in the Court of Appeals 1 April 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Kimberly Randolph, for the State.*

*Mary McCullers Reece for defendant-appellant.*

YOUNG, Judge.

Where the State presented sufficient evidence to permit the jury to determine the value of stolen goods, the trial court did not err in denying defendant's motion to dismiss. Where the jury did not consider alternative theories of guilt not permitted by the indictment, defendant cannot show prejudice, and the trial court did not commit plain error in its jury instruction. Where the trial court sentenced defendant on both the charges of felonious larceny and felonious possession of the goods stolen during the larceny, the trial court erred. We vacate the judgment and remand for arrest of one conviction and resentencing.

I. Factual and Procedural Background

In December of 2017, Jeff Crotts, owner of Knob Creek Orchards, discovered that a 120-gallon propane tank was missing from his property, and reported it to the sheriff's office. On 25 January 2018, Amy Lail, a sergeant with the Cleveland County Sheriff's Office (Sgt. Lail), received information that the missing tank was located on the property of Peggy Hudson Canipe (Canipe), fiancée of Michael Wright (defendant), and that defendant was a suspect in the theft. Shortly after Sgt. Lail arrived on Canipe's property, defendant himself arrived. Sgt. Lail informed defendant that the tank was stolen, and defendant responded that he had purchased it "many miles" away, and claimed he was able to load the tank into the back of his Chevy Blazer, which Sgt. Lail found "absurd." Sgt. Lail also noted that the tank had been spray-painted, and that the same paint color had been used "in other locations around the house[.]" Nelson Speagle (Speagle), a propane manager with Carolina Energies who serviced the propane tanks at Knob Creek Orchards, was able to identify this tank as the stolen tank by its serial number, and testified that it was valued at "roughly $1,330[.]"

The Cleveland County Grand Jury indicted defendant for felonious larceny and felonious possession of stolen goods, namely a "240lb propane tank" worth $2,000. At the close of the State's evidence, the State moved to amend the indictment to remove the size of the propane tank, and indicate that the value of the propane tank was in

excess of $1,000. Defendant did not object, and the trial court allowed the motion. At the close of all the evidence, defendant moved to dismiss based upon insufficient evidence. The trial court denied this motion.

The jury returned verdicts finding defendant guilty of felonious larceny and felonious possession of stolen goods. The trial court consolidated the charges for judgment, and sentenced defendant to a minimum of 20 months and a maximum of 36 months in the custody of the North Carolina Department of Adult Correction.

Defendant appeals.

## II. Motion to Dismiss

In his first argument, defendant contends that the trial court erred in denying his motion to dismiss. We disagree.

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

## B. Analysis

The charges of both felonious larceny and felonious possession of stolen goods require, as an essential element of the charge, that the value of the stolen property exceed $1,000. N.C. Gen. Stat. § 14-72(a) (2019). On appeal, however, defendant contends that there was insufficient evidence before the trial court that the stolen tank was worth more than $1,000.

In support of his argument, defendant notes that, when asked to value the tank, Speagle stated that enough propane to fill the tank would be worth $300, and that the two regulators that accompany the tank would be worth $90 each. Combining the costs of the regulators, the fuel, and the tank, Speagle determined that the total value was "probably at $1,300, 1,330-something." However, defendant further notes that, when asked how much fuel was left in the tank, Speagle responded that he didn't "have a clue how much." Moreover, defendant was indicted for stealing a propane tank, not for stealing a propane tank and two regulators. Defendant argues that, removing the $300 for the cost of fuel, plus $180 for the two regulators, Speagle's

4

valuation of roughly $1,300 drops below the $1,000 threshold necessary for a felony charge. As a result, defendant contends that this testimony was insufficient to support convictions for either felonious larceny or felonious possession of stolen goods.

However, the State "is not required to produce 'direct evidence of ... value' to support the conclusion that the stolen property was worth over $1,000.00, provided that the jury is not left to 'speculate as to the value' of the item." *State v. Davis*, 198 N.C. App. 146, 151-52, 678 S.E.2d 709, 714 (2009) (quoting *State v. Holland*, 318 N.C. 602, 610, 350 S.E.2d 56, 61 (1986), *overruled on other grounds*, *State v. Childress*, 321 N.C. 226,, 362 S.E.2d 263 (1987)). Rather, the State is merely required to present some competent evidence of the fair market value of the stolen property, which the jury may then consider.

In *Davis*, the State presented evidence that a stolen Panasonic DVD player had been purchased for over $1,300, that it was in substantially the same condition as when purchased, and that the only Panasonic dealer in the area marketed the same DVD player for over $1,300. This Court held that, viewed in the light most favorable to the State, the reasonable selling price of the DVD player, at the time and place of the theft and in the condition in which it was when stolen – the measure of fair market value – was over $1,300. *Id.* at 152, 678 S.E.2d at 714. The defendant argued that the DVD player could not be worth over $1,000 because it was not functional without its electronic brain, but this Court held that argument failed,

noting that "[t]he State did not have to prove that a DVD player without its brain was worth over $1,000.00, as long as the State provided some evidentiary basis that placed the jury's determination of its value beyond 'speculat[ion].' " *Davis*, 198 N.C. App. at 152, 678 S.E.2d at 714 (quoting *Holland*, 318 N.C. at 610, 350 S.E.2d at 61). We held that the issue of whether the DVD player, without its brain module, was nonetheless worth $1,000 was "properly before the jury for resolution." *Id*. at 153, 678 S.E.2d at 714; *see also State v. Olson*, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992) (holding that "[a]ny contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal").

In the instant case, the State presented evidence, namely the testimony of Speagle, that the stolen propane tank was worth $1,300, more than the requisite $1,000 threshold. Whether the absence of fuel or regulators put that valuation below the $1,000 threshold was a question "properly before the jury for resolution," and did not warrant dismissal. In viewing the evidence in the light most favorable to the State and giving the State the benefit of every reasonable inference, the State presented sufficient evidence of the value of the propane tank to take the issue beyond "speculation" and permit its consideration by the jury. Accordingly, we hold that the trial court did not err in denying defendant's motion to dismiss.

### III. Jury Instruction

In his second argument, defendant contends that the trial court committed plain error in its jury instructions. We disagree.

## A. Standard of Review

"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008).

"Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

## B. Analysis

The trial court, in its jury instructions, informed the jury that it could find defendant guilty of felonious larceny if it found that defendant "took and carried away another person's property[,]" and that said property "was worth more than $1,000[.]" This instruction was lifted verbatim from the North Carolina Pattern Jury Instructions, N.C.P.I.-Crim 216.10, with the consent of the parties. On appeal, defendant contends that this instruction improperly permitted the jury to find defendant guilty under an alternate theory not charged in the indictment. Because

defendant failed to object to this instruction at trial, we review this argument for plain error.

Defendant was initially indicted for the theft and possession of "a 240lb propane tank." Subsequently, the State moved to amend the indictment to remove the size of the propane tank, and the trial court allowed the motion. However, defendant notes that he was not charged with taking any other property aside from the tank itself, and contends that the trial court's overly broad instruction – that defendant carried away "another person's property" instead of "a propane tank" – permitted the jury to find him guilty of felonious larceny based on the value of additional items not included in the indictment. Indeed, our Supreme Court has held that, where instructions permit the jury to convict on grounds other than those charged in the indictment, those instructions are error, and also plain error. *State v. Tucker*, 317 N.C. 532, 536, 346 S.E.2d 417, 420 (1986).

Notwithstanding this rule, however, defendant fails to show that he was in fact prejudiced by this instruction, in that the jury would otherwise have reached a different result. Defendant contends that, had the jury been "specifically instructed to consider the value of the propane tank, they would not have found that the tank alone was worth more than $1,000," and that absent the over-broad instruction, the jury could not have found defendant guilty of felonious larceny. However, as we have held above, this assertion is inaccurate. There was sufficient evidence for the jury to

find the value of the propane tank to be in excess of $1,000. Defendant's mere assertion that there was not sufficient evidence of value does not, therefore, establish prejudice. Nor does defendant suggest that he was in fact found guilty of the theft of any property aside from the tank itself; he merely alleges that the tank did not possess the requisite value. Indeed, in reviewing the evidence before the trial court, we cannot find any reason to assume that the jury based its verdict on any consideration other than the value of the tank alone.

Accordingly, while we recognize that the better practice may have been to designate the specific property taken, we do not agree that defendant has shown that the jury considered, or was permitted to consider, an improper theory based on the instruction given. We therefore hold that the trial court did not err in instructing the jury, pursuant to the Pattern Jury Instructions, that defendant could be found guilty of stealing "property" as opposed to some more specific term.

### IV. Sentencing

In his third argument, defendant contends that the trial court erred in sentencing him for both larceny and possession of stolen property. We agree.

### A. Standard of Review

"Whether multiple punishments were imposed contrary to legislative intent presents a question of law, reviewed *de novo* by this Court." *State v. Hendricksen*,

257 N.C. App. 345, 809 S.E.2d 391, 393, *review denied,* 371 N.C. 114, 812 S.E.2d 856 (2018).

## B. Analysis

Defendant contends, and the State concedes, that it is a violation of legislative intent to convict a defendant of both stealing property and possessing that same property. Indeed, our Supreme Court has held that, while "[l]arceny and possession of property stolen in the larceny are separate crimes[,]" it is inappropriate for the trial court to punish an individual for both when the same property is involved. *State v. Perry*, 305 N.C. 225, 234, 287 S.E.2d 810, 815 (1982), *overruled on other grounds by State v. Mumford*, 364 N.C. 394, 699 S.E.2d 911 (2010). Specifically, the Court held that "the Legislature did not intend to punish an individual for larceny of property and the possession of the same property which he stole." *Id.* at 235, 287 S.E.2d at 816. When the trial court enters judgment on both larceny and the possession of property stolen in the larceny, our remedy is to vacate the conviction for the latter. *See State v. Stroud*, 252 N.C. App. 200, 797 S.E.2d 34 (2017). Because the trial court consolidated the two charges for judgment, we therefore vacate the judgment entirely, and remand this matter to the trial court, with instructions to arrest the charge of possession of stolen property and enter judgment only upon the charge of larceny, and to resentence defendant accordingly.

NO ERROR IN PART, NO PLAIN ERROR IN PART, VACATED AND REMANDED IN PART.

Judge COLLINS concurs in separate opinion.

Judge MURPHY concurs in part and dissents in part in separate opinion.

COLLINS, Judge, concurring.

I concur in the majority opinion. I write separately to add additional analysis to the discussion of the second issue involving the jury instruction.

The trial court, in its jury instructions, informed the jury that it could find defendant guilty of felonious larceny if it found that defendant "took and carried away another person's property[,]" and that said property "was worth more than $1,000[.]" On appeal, defendant contends that this instruction was plainly erroneous as it improperly permitted the jury to find defendant guilty under an alternate theory not charged in the indictment.

"It is the rule in this State that the trial court should not give instructions which present to the jury possible theories of conviction which are . . . not charged in the bill of indictment, and that where the indictment for a crime alleges a theory of the crime, the State is held to proof of that theory and the jury is only allowed to convict on that theory." *State v. Litchford*, 78 N.C. App. 722, 727, 338 S.E.2d 575, 578 (1986) (internal quotation marks and citation omitted).

Here, Defendant was initially indicted for the theft and possession of "[a] 240LB propane tank." Subsequently, the State moved to amend the indictment to remove the size of the propane tank, and the trial court allowed the motion. The evidence presented a trial shows that Speagle, a propane manager with Carolina Energies, identified the propane tank by its serial number. Speagle testified that the

propane tank "had been sprayed over, camouflaged a little bit" and he called his office to confirm that the propane tank's serial number matched the "serial number connected to" the propane tank stolen from Crotts' labor camp. Speagle then explained how he recovered and removed the tank from the property and that "the value of the tank" was approximately $1330. Through Speagle's testimony, the State established that the propane tank stolen from Crotts was the exact propane tank recovered from the Canipe's property. The State provided no evidence of any other property that Defendant was alleged to have taken.

While "[t]echnically, it would have been better for the trial court to have charged the jury that it had to find" that Defendant took and carried away a propane tank, "[s]uch a misstatement by the trial court . . . does not amount to submitting to the jury a possible theory of conviction which is neither supported by the evidence nor the indictment." *Id.* at 728, 338 S.E.2d at 579. There is no fatal variance here where both the indictment and the evidence show that Defendant stole a propane tank, the trial court charged the jury that it could find Defendant guilty if he "took and carried away another person's property," and there is no evidence from which the jury could determine that Defendant had stolen property other than a propane tank. *See State v. Pringle*, 204 N.C. App. 562, 567, 694 S.E.2d 505, 508 (2010) (determining "no error, much less plain error," where "the trial court's instruction was in accord with the material allegations in the indictment and the evidence presented at trial").

We discern no plain error in the trial court's instructions on felonious larceny because it cannot be said that the instructional mistake "had a probable impact on the jury's finding of guilt." *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 379 (1983) (citation omitted)

No. COA19-863 – *State v. Wright*

MURPHY, Judge, concurring in part and dissenting in part.

While I concur fully with the improper sentencing under both larceny and possession of stolen property issue, I concur in outcome only as to the jury instruction issue. However, I respectfully dissent as to the Defendant's motion to dismiss. According to the language of the indictment, the jury should only have considered the value of the propane tank in determining if Defendant stole property worth more than $1,000.00, elevating the larceny from a misdemeanor to a felony. Therefore, the evidence of the propane tank's value presented by the State was insufficient to support a conviction of felonious larceny because there was no testimony as to the value of the propane tank alone and the only testimony on value was in reference to the combined value of the propane tank, an unknown amount of propane gas within the tank, the regulator attached to it, and the regulator attached to the building. Further, any determination by the jury as to the value of the propane tank alone would be speculative due to the impossibility of subtracting the value of an unknown amount of propane gas from the combined value to deduce the value of the propane tank.

## BACKGROUND

The indictment states, "[t]he jurors for the State upon their oath present that on or about the date of offense shown and in the county named above [Defendant]

named above unlawfully, willfully, and feloniously did steal, take and carry away A 240LB PROPANE TANK[.]"  The indictment was later properly amended to "a propane tank with a value in excess of a thousand dollars."

At trial, the value of the propane tank was described in many different ways, each time by Nelson Speagle ("Speagle").  Speagle worked as a propane manager for Carolina Energies with almost 19 years of experience at the time of his testimony.  Speagle, on behalf of Carolina Energies, had provided propane gas, regulators, and propane tanks to the victim in this case.  Speagle estimated the value of the tanks three times, in the following ways:

> [State:] Are you familiar with how much these tanks are worth?
>
> [Speagle:] Right -- With the tank *and the gas and regulators*, it's roughly $1,330, somewhere in that ballpark.
>
> [State:] Are you talking about the tanks pertaining to [the victim]?
>
> [Speagle:] Yes.
>
> . . .
>
> [State:] And based on your training and experience and your job duties, were you able to give -- or were you able to come up with a fair market value of how much this tank was?
>
> [Speagle:] Just the tank?

[State:] No. *Total. Everything in it.*

[Speagle:] Total? You're probably at $1,300, 1,330 something.

[State:] And that's *including the regulators* that are on the tank?

[Speagle:] That's the tank, *the regulators, and the fuel.*

. . .

[State:] So just to be clear, it's your opinion that on the date of January 25th the value of the tank that you received was approximately $1,330?

[Speagle:] Yeah.

(Emphasis added). Regarding the regulators and their value, Speagle testified:

[State:] Okay. And when you noticed this tank, did you notice that the regulators were with it?

[Speagle:] One was and the other wasn't. It was laying, I think, in the yard or on the ground there.

[State:] And normally are these regulators attached to the propane tank?

[Speagle:] We've got one that the regulator attaches to the tank and one regulator that attaches to the house or structure, wherever we put the tank.

[State:] And how much would a regulator cost?

[Speagle:] Roughly $90.

3

Speagle also testified that he did not know how much propane gas was in the propane tank at the time he retrieved it, and the last time he checked the tank, at an unknown date, it was full. In terms of the value of the propane gas, he testified

> [State:] So would you say that the gas was about $500 worth of gas in this particular tank, or are you just saying that's –
>
> [Speagle:] The gas that was in it fits 96 gallons. You're looking at roughly $300 for gas.

At the close of all evidence, Defendant moved to dismiss all charges, and the trial court denied the motion. Defendant was found guilty of felonious larceny and felonious possession of stolen goods. This Dissent focuses on Defendant's argument that "[t]he trial court erred in failing to dismiss the charges where the evidence of value was insufficient to support convictions for felonious larceny and felonious possession of stolen goods."

## ANALYSIS

Although this Dissent focuses only on the issue of whether the State presented sufficient evidence to support a value of more than $1,000.00 justifying a charge of felonious larceny,[1] it is important to clarify that Defendant's indictment includes only

---

[1] While Defendant was also found guilty of felonious possession of stolen goods, I will focus on the conviction of felonious larceny because the analysis applies with equal force to both charges because both charges were based on the same evidence and I agree with the parties and the Majority that it was improper to sentence Defendant to both possession of stolen goods and larceny.

4

the "propane tank." The evidence at trial discussed the combined value of the propane tank, propane gas, and regulators, the value of the regulators, and what the value of the propane gas could be. However, no evidence at trial ever valued the propane tank alone, nor can that value be deduced from the evidence presented at trial.

### A. Larceny Indictments

"Generally, the same degree of certainty must be used to describe the goods in indictments for obtaining property by false pretenses as in indictments for larceny." *State v. Ricks*, 244 N.C. App. 742, 752, 781 S.E.2d 637, 643 (2016) (citing *State v. Reese*, 83 N.C. 637, 639 (1880)). "The principle that the item obtained in a false pretense crime and the thing stolen in larceny must be described with the same degree of certainty was reaffirmed in 1915. . . . The item must be described with 'reasonable certainty' and 'by the name or term usually employed to describe it.'" *Id.* at 752, 781 S.E.2d at 644 (quoting *State v. Gibson*, 169 N.C. 318, 85 S.E. 7, 8 (1915)). This principle was once more reaffirmed in 2014 when our Supreme Court stated "[a]dditionally, 'it is the general rule that the thing obtained by the false pretense must be described with reasonable certainty, and by the name or term usually employed to describe it.'" *State v. Jones*, 367 N.C. 299, 307, 758 S.E.2d 345, 351 (2014) (quoting *Gibson*, 169 N.C. at 320, 85 S.E. at 8) (internal alterations omitted).

5

Applying the same indictment rules regarding the description of goods to larceny and obtaining property by false pretenses, I conclude that when describing the stolen item in indictments for larceny, the item "must be described with reasonable certainty and by the name or term usually employed to describe it." *Ricks*, 244 N.C. App. at 752, 781 S.E.2d at 644 (internal marks and citations omitted). In this case, the indictment only stated "a propane tank." According to our precedent, "propane tank" must refer only to the object that it names or usually describes. *Id*. Obviously, this includes the propane tank in this case. However, nothing in the indictment describes with reasonable certainty the regulators, or the propane gas within the propane tank. Indeed, the term that would normally refer to these items is not "propane tank." In fact, the only terms ever used by the State, the victim in this case, Jeff Crotts ("Crotts"), Sergeant Amy Lail, and an expert in the field, Speagle, to refer to the regulators were "regulator," or "regulators." The only terms used by the State, Crotts, Speagle, and Defense Counsel to refer to the propane gas were "gas," "fuel," and "propane." Also, throughout the Record there are distinctions made between the tank, the regulators, and the propane gas. The usage of these words throughout the trial demonstrates the usual terms that describe regulators and propane gas are "regulator," and "propane," "gas," or "fuel" respectively.

As a result, the indictment did not charge Defendant with larceny of the two regulators attached to the propane tank or the propane gas within the tank. Instead, it simply charged Defendant with larceny of the propane tank.[2] Based on the indictment, the jury should only have considered the value of the propane tank in determining if the value of the stolen property exceeded $1,000.00, making Defendant guilty of felonious larceny. N.C.G.S. § 14-72(a) (2019). Based on the evidence presented at trial, if we were to calculate the value of the propane tank alone, then we would subtract the value of the two regulators, worth $90.00 each, and the value of the propane gas, worth somewhere between $0.01 and $300.00, from the combined value testified to by Speagle, $1,330.00. This is the same as subtracting somewhere between $0.01 and $300.00 from $1,150.00, which would leave us with a value for the propane tank alone being somewhere between $850.00 and $1,149.99. However, this is not the end of the inquiry as to the validity of Defendant's convictions.

**B. The Motion to Dismiss**

---

[2] Making legal distinctions between an object and an item attached to it is not novel. Our Supreme Court similarly distinguished between an item and its attachment in *State v. Greene*, 289 N.C. 578, 223 S.E.2d 365, (1976). In *Greene*, our Supreme Court held that, although the defendant was found in possession of a set of disk boggs that had been attached to a tractor, the doctrine of recent possession did not extend to the tractor that the disk boggs had been attached to in part because of its ability to be removed from the tractor. *Id.* at 581-583, 223 S.E.2d at 367-369. Although the issue before us is not governed by the doctrine of recent possession, *Greene* supports making a legal distinction between an attachment and the item it was attached to. The logic underlying this distinction is equally applicable to an object and its contents when those contents are typically removed and replaced.

**1. Standard of Review**

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

**2. General Principles**

Defendant argues that the trial court erred in not granting his motion to dismiss for insufficient evidence. Specifically, he argues the State failed to present sufficient evidence to establish the propane tank had a value exceeding $1,000.00 as required in charges of felonious larceny and felonious possession of stolen goods. N.C.G.S. § 14-72(a) (2019). No other element of the crime is challenged.

> Upon [D]efendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [D]efendant's being the perpetrator of such offense. If so, the motion is properly denied. . . .
>
> *If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense* or the identity of the defendant as the perpetrator of it, *the motion should be allowed.* . . . This is true even though the suspicion so aroused by the evidence is strong. . . .
>
> The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or

> incompetent, which is favorable to the State is to be considered by the court in ruling on the motion. . . .
>
> The test of the sufficiency of the evidence to withstand the motion is the same whether the evidence is direct, circumstantial or both. . . . When the motion calls into question the sufficiency of circumstantial evidence, the question for the Court is whether a reasonable inference of [D]efendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty.

*State v. Powell*, 299 N.C. 95, 98-99, 261 S.E.2d 114, 117 (1980) (internal citations and marks omitted) (emphasis added).

Here, the only relevant essential element of felonious larceny relates to the value of the property stolen. "Larceny of goods of the value of more than one thousand dollars ($1,000[.00]) is a Class H felony." N.C.G.S. § 14-72(a) (2019).

### 3. *State v. Davis* and *State v. Parker*

Relying on *State v. Davis*, the Majority holds that the State presented sufficient evidence of value to withstand Defendant's motion to dismiss. *State v. Davis,* 198 N.C. App. 146, 678 S.E.2d 709 (2009). The Majority relies on *Davis* to reach the conclusion that Defendant's motion to dismiss was properly denied because "the State presented evidence, namely the testimony of Speagle, that the stolen propane tank was worth $1,300[.00], more than the requisite $1,000[.00] threshold. Whether the absence of fuel or regulators put that valuation below the $1,000[.00] threshold was

a question 'properly before the jury for resolution,' and did not warrant dismissal." *Supra* at 6. The Majority bases this conclusion on the proposition from *Davis* that the State "is not required to produce 'direct evidence of . . . value,' provided that the jury is not left to 'speculate as to the value' of the item." *Id.* at 151-52, 678 S.E.2d at 714 (quoting *State v. Holland*, 318 N.C. 602, 610, 350 S.E.2d 56, 61 (1986) *overruled on other grounds*, *State v. Childress*, 321 N.C. 226, 362 S.E.2d 263 (1987))). The Majority's reliance on *Davis* is misplaced.[3]

---

[3] Our Supreme Court will not be bound by *Davis*. *State v. Alonzo*, 373 N.C. 437, 440, 838 S.E.2d 354, 356 (2020) ("We are not bound by the Court of Appeals' decision in *Lark*"). Therefore, while not critical to the proper outcome, I include this observation of *Davis* insofar as it misapplied *Holland* and our prior decision in *Parker*. In *Davis*, we held "the jury could have reasonably concluded that the value of the DVD player deck [the] defendant possessed was worth over $1,000.00 based on [the vendor's] testimony that the entire system retails in his store for over $1,300.00." *Davis,* 198 N.C. App. at 152, 675 S.E.2d at 714. We even went on to say "the jury could have reasonably concluded that the DVD player was worth $1,300.00 and was merely missing a necessary component, similar to a car missing its engine or a watch missing its batteries." *Id*. at 153, 678 S.E.2d at 715. It is unclear to me how a jury could do anything other than speculate as to the value of a used, non-functional half of a two-part system if the only information it had before it regarding value was that a new, fully-functional complete system was worth $1,300.00. Additionally, it is unclear how it could ever be reasonable for a jury to find that the fair market value of a non-functioning item without its other essential component could remain the same as the fully-functional item with both components. *Davis* is even more clearly illogical when it is applied to what we claimed was similar to the facts of *Davis*— a car missing its engine. *Id*. The *Davis* holding would suggest that it is reasonable for a jury to conclude that a new car worth $25,000.00 was worth the same as a car in "like-new condition" that is "merely . . . missing its engine." *Id*. at 152-153, 678 S.E.2d at 714-715.

Additionally, *Davis* holds that "[t]he State is not required to produce 'direct evidence of . . . value' to support the conclusion that the stolen property was worth over $[]1,000.00, provided that the jury is not left to 'speculate as to the value' of the item." Id. at 151-152, 678 S.E.2d at 714, (quoting *Holland*, 318 N.C. at 610, 350 S.E.2d at 61). This paraphrasing of *Holland* was not an accurate representation of the cited language's meaning. In context, the full language referred to is:

> Although the State offered *no direct evidence of the Cordoba's value*, there is in the record evidence tending to show that the victim owned

10

The Majority's reliance on *Davis* is misplaced because the proposition cited to support its conclusion that the State presented sufficient evidence, by its own terms, does not apply here. That proposition is only appropriately applied when "the jury is not left to 'speculate as to the value' of the item." *Id.* (quoting *Holland*, 318 N.C. at 610, 350 S.E.2d at 61). This is precisely the situation we have here. To determine

two automobiles and that the 1975 Chrysler Cordoba was his favorite one of which he took especially good care, always keeping it parked under a shed, and that a picture of this automobile was exhibited to the jury for the purpose of establishing the location of the automobile when discovered after its theft. The State contends that this evidence is sufficient to support the jury's finding that the automobile's value at the time of the theft exceeded four hundred dollars. We are not convinced and find that the substantiality of the evidence is insufficient for presentation of the issue of value to the jury. *The jury may not speculate as to the value*. Although the trial court properly instructed the jury as to the difference between misdemeanor and felony possession, the evidence was not such as would justify the jury in finding that the value of the Cordoba exceeded four hundred dollars.

*Holland*, 318 N.C. at 610, 350 S.E.2d at 61 (emphasis added). In context, it is clear that our Supreme Court in *Holland* was not holding "[t]he State is not required to produce 'direct evidence of . . . value' to support the conclusion that the stolen property was worth over $[]1,000.00," but was instead simply rejecting the State's argument that the indirect evidence presented was sufficient evidence of value to justify submitting the issue to the jury. *Davis*, 198 N.C. App. at 151-152, 678 S.E.2d at 714. In fact, the first time such a reading of *Holland* occurred was in *Davis*. I would encourage our Supreme Court to overrule *Davis*. *Routten v. Routten*, 843 S.E.2d 154, 158-159 (N.C. 2020) ("However, the *Moore* court misapplied our decision in *Petersen*. . . . We also expressly overrule *Moore v. Moore*").

11

the value of the propane tank, the jury would have to determine the value of the propane gas within the propane tank when it was picked up by Speagle, and then subtract it and the value of the regulators from $1,330.00. Since the regulators were worth $180.00 and there was no evidence presented of how much propane gas was in the propane tank, the jury necessarily had to speculate as to whether the propane tank had a value as low as $850.00 or as high as $1,149.99. This is particularly significant because to be convicted of felonious larceny the required value of the stolen property must be greater than $1,000.00. The jury was asked to blindly guess how much gas was in the tank to determine the value of the propane tank.

*Davis* also inaccurately describes *State v. Parker*. *Davis* states that in *Parker* "the State produced no evidence at all of the value of the stolen property." *Id.* at 152, 678 S.E.2d at 714. Upon further reading of *Parker*, the State presented evidence about the value of all of the victims' stolen items, including those that were alleged to be stolen by the defendant and some that were not, the resale value of some of the items alleged to be stolen by the defendant, and the amount of money loaned to the defendant when he traded stolen items with a pawn store. *State v. Parker*, 146 N.C. App. 715, 716, 555 S.E.2d 609, 610 (2001). In *Parker*, when discussing *Holland* and applying it to the facts of the case, we said:

> [O]ur Supreme Court vacated the defendant's conviction
> for felonious possession of stolen property where the State

failed to present direct evidence of the value of the stolen vehicle. There, the State presented evidence tending to show that the vehicle was a 1975 Chrysler Cordoba; it was the owner's favorite vehicle and he took especially good care of it; and the owner always parked the vehicle under a shed. [Citing *Holland*]. The State also introduced a photograph of the vehicle.

The State maintained that such evidence was sufficient to establish the value of the vehicle exceeded $400.00, the statutory minimum applicable at that time. *Id.* The Supreme Court rejected the argument, stating that "the substantiality of the evidence is insufficient for presentation of the issue of value to the jury. *The jury may not speculate as to the value.*" *Id.* It concluded that such evidence "was not such as would justify the jury in finding that the value of the Cordoba exceeded four hundred dollars." *Id.* The court therefore vacated the defendant's conviction for felonious possession of stolen property and remanded for pronouncement of a judgment of guilty of misdemeanor possession of stolen property and for re-sentencing. *Id.*

In this case, the State likewise failed to introduce sufficient evidence of the value of the stolen goods in [the] defendant's possession. The trial court instructed the jury that [the] defendant's charge was based upon his possession of "a Magnavox VCR, cameras, and photography equipment." Although Goodman testified that the total estimated value of all stolen items was $5,000.00, there is simply no evidence regarding the total value of the items contained in the trial court's charge. The only evidence relating to these items was Hayes' testimony that she loaned [the] defendant $40.00 for a Magnavox VCR based on her estimate that she could resell it for $80.00, and Mitchell's testimony that she loaned [the] defendant $80.00 for two cameras and some photography equipment. Such evidence is not sufficient evidence from

> which a jury could determine to any certainty the value of the VCR, cameras, and photography equipment. The jury must not be left to speculate about the value of these items. *See Holland*, 318 N.C. at 610, 350 S.E.2d at 61. We therefore vacate [the] defendant's conviction for felonious possession of stolen property in 99CRS011124. We remand that matter to the trial court for entry of a judgment of guilty of misdemeanor possession of stolen property, and for re-sentencing accordingly.

*Id.* at 717-718, 555 S.E.2d at 610-611 (emphasis added).

*Parker* is controlling here, and, based on *Parker*, the trial court should have granted Defendant's motion to dismiss. In *Parker*, "[the d]efendant was charged with [and convicted of] felonious possession of stolen property . . . [b]ased on his pawning of [some of] the stolen goods." *Id.* at 716, 555 S.E.2d at 610. The defendant challenged the conviction for felonious possession of stolen goods and "argue[d] the State failed to present evidence from which the jury could conclude the value of the items stolen by [the] defendant was over $1,000.00." *Id.* at 717, 555 S.E.2d at 610. At trial in *Parker*, the State introduced evidence regarding the value of all items stolen from the property owners; however, the defendant was only charged with having stolen some of the missing property and "there [was] simply no evidence regarding the total value of the items contained in the trial court's charge." *Id.* at 718, 555 S.E.2d at 611. Although there was some testimony as to the value of the items the defendant was charged with stealing, "[t]he only evidence relating to these items was [a witness's] testimony that she loaned [the] defendant $40.00 for a Magnavox VCR based on her

estimate that she could resell it for $80.00, and [another witness's] testimony that she loaned [the] defendant $80.00 for two cameras and some photography equipment." *Id.* Relying on *Holland*, we held that "[s]uch evidence [was] not sufficient evidence from which a jury could determine to any certainty the value of the [property the defendant was charged with stealing]. The jury must not be left to speculate about the value of these items." *Id.* (citing *Holland*, 318 N.C. at 610, 350 S.E.2d at 61). We then "vacate[d the] defendant's conviction for felonious possession of stolen property . . . [and] remand[ed] . . . for entry of a judgment of guilty of misdemeanor possession of stolen property, and for re-sentencing accordingly." *Id.* (citing *Holland*, 318 N.C. at 610, 350 S.E.2d at 61).

**4. Application to These Facts**

Applying the general principles controlling motions to dismiss, and applying *Parker* to this case, there was insufficient evidence of value to submit the issue to the jury. I would vacate Defendant's conviction for felonious larceny and felonious possession of stolen goods, and remand for entry of judgment of misdemeanor larceny or possession of stolen goods and resentencing accordingly.

**a. The Combined Value of the Propane Tank, Propane Gas, and Two Regulators**

In the light most favorable to the State, the value of the propane tank, the two regulators, and any propane gas within the tank was $1,330.00. Speagle provided an estimate of the value of these items three times. Although Speagle provided a range of values from $1,300.00-$1,330.00 the second time he estimated the combined value of these three items, his initial and ultimate valuations were that these items together were worth $1,330.00. Viewing this evidence in the light most favorable to the State, we must take the higher values given as opposed to the lower values, leaving us with $1,330.00 as the combined value of the propane tank, any propane gas within the tank, and the two regulators.[4]

Although the combined value of the propane tank, the propane gas within it, and the regulators is $1,330.00, as stated above, Defendant was only charged with larceny of the propane tank. The only value the trial court could have properly considered to determine the motion to dismiss as to the felony enhancement of larceny was the value of the propane tank alone. To find the value of the propane tank, we must subtract Speagle's estimated value of the two regulators and propane gas from his testimony of their $1,330.00 combined value.

---

[4] I come to this conclusion based only on logical reasoning and application of our general jurisprudence as my exhaustive research has discovered no applicable caselaw regarding the issue of how the light most favorable standard interacts with ranges of values.

**b. The Value of the Propane Tank without the Regulators and Propane Gas**

According to Speagle's testimony, the value of each regulator was $90.00. One regulator was attached to the propane tank while another was attached to the building, meaning the total value of the regulators was $180.00. Additionally, it is clear that Speagle's valuation of $1,330.00 included both regulators, as he twice stated "regulators" when he described what he was including in his valuation. When the value of the two regulators ($180.00) is removed from the value provided by Speagle for everything ($1,330.00), we find that the value of the propane tank and any propane gas within the tank was $1,150.00.

At the time the propane tank was stolen, there was up to $300.00 worth of propane gas in the tank. However, we cannot assume that Speagle was approximating the value of the propane tank absent any propane gas. Speagle consistently included the "gas" or "fuel" when he described what he was including in calculating his value of $1,330.00. Speagle's estimate included the value of an unclear amount of gas, with a maximum value of $300.00. There was no evidence presented as to how much gas Speagle was including in his estimate of the combined value of the propane tank, propane gas, and regulators. Although he was basing his valuation on the assumption there was gas within the propane tank when he identified it at

and removed it from Defendant's residence, he explicitly stated "I don't have a clue how much [fuel was in the propane tank]." Any decision as to how much gas there was in the tank and its corresponding value is entirely speculative, and the jury could not have properly decided this value in calculating the value of the tank without the fuel.

That being said, to recreate the jury's only legally acceptable path to deducing the value of the propane tank, we are faced with the impossible task of determining the value of an unknown amount of gas, ranging from $0.01-$300.00. The amount of propane gas that the jury determined to be within the propane tank was dispositive of whether Defendant was convicted of felonious or misdemeanor larceny because after removing the value of the regulators the value of the propane tank and the propane gas within it was $1,150.00. If the jury were to determine the propane gas was worth anywhere between $0.01-$149.99, then when it would have removed this value it would have been left with a value exceeding $1,000.00 for the propane tank, satisfying the requirement of felonious larceny; however, if the jury were to determine the propane gas was worth anywhere between $150.00-$300.00, then when it would have removed this value it would have been left with a value of $1,000.00 or less for the propane tank satisfying only the requirement of misdemeanor larceny. This impossible task is the exact hurdle required of the jury in this case if it was to properly

determine the value of the tank alone from the testimony presented at trial, and it is the type of speculation that the law prohibits.

Like in *Parker*, in this case there is an estimate of multiple items of stolen property—a propane tank, the regulators, and the propane gas within it—not all of which Defendant was charged with stealing, but "there is simply no evidence regarding the . . . value of the" item Defendant was charged with stealing, the propane tank. *Parker*, 146 N.C. App. at 718, 555 S.E.2d at 611. Although there is testimony on the value of the regulators, and the maximum potential value of the propane gas, it is impossible to extrapolate the value of the propane tank from this testimony because there is nothing in the Record to suggest how much propane gas was being included in Speagle's combined estimate of the propane tank, the propane gas, and the regulators. This evidence "is sufficient only to raise a suspicion or conjecture as to . . . the commission of" felonious larceny because any determination of how much propane gas was in the tank for the purposes of the estimate would be conjecture, and thus any corresponding determination of the value of the propane tank would also be conjecture. *Powell*, 299 N.C. at 98, 261 S.E.2d at 117. Here, like in *Parker*, there was no evidence for the jury to determine "to any certainty the value of the" propane tank that Defendant was charged with stealing, and allowing the jury to speculate about the value of the propane tank was improper. *Parker*, 146 N.C. App. at 718, 555 S.E.2d

at 611.  The trial court should have granted Defendant's motion to dismiss as to the charge of felonious larceny and felonious possession of stolen goods.  I would vacate the conviction for felonious larceny and felonious possession of stolen goods and remand for entry of judgment for misdemeanor larceny or misdemeanor possession of stolen goods and resentencing accordingly.

## CONCLUSION

The indictment here only refers to the "propane tank," so only the value of the propane tank is considered to determine if Defendant should have been convicted of felonious or misdemeanor larceny.  The State presented evidence that required the jury to speculate as to the value of the propane tank.  It was impossible to determine, and therefore impossible to remove without speculation, the value of the propane gas included in the combined estimate of the propane tank, any propane gas within the tank, and the regulators attached to the tank and the building.  When the evidence requires the jury to speculate as to the value of stolen property, a motion to dismiss should be granted.  Therefore, the trial court erred in not granting Defendant's motion to dismiss as to felonious larceny and felonious possession of stolen goods, and we should vacate Defendant's felonious larceny charge and remand for entry of judgment for misdemeanor larceny or misdemeanor possession of stolen goods and resentencing accordingly.

*Murphy, J., concurring in part and dissenting in part*

Were we to vacate the conviction for felonious larceny and remand for entry of judgment for misdemeanor larceny or misdemeanor possession of stolen goods and resentencing, the second issue raised by Defendant would be moot, as any error in failing to instruct the jury that the propane tank must have been shown to be worth more than $1,000.00 for the purposes of felonious larceny would have no effect. Finally, as to the erroneous sentencing under both larceny and possession of stolen goods, I concur with the Majority.